488 So.2d 169 (1986)
Sandra FAIN, Appellant,
v.
STATE of Florida, Appellee.
Nos. BF-382, BF-383.
District Court of Appeal of Florida, First District.
May 16, 1986.
Michael E. Allen, Public Defender; and David A. Davis, Asst. Public Defender, for appellant.
Jim Smith, Atty. Gen. and Mark C. Menser, Asst. Atty. Gen., for appellee.
WIGGINTON, Judge.
Appellant appeals the sentencing orders of the trial court which were handed down pursuant to one guidelines' scoresheet, from which the trial judge departed. We reverse.
In two separate cases, appellant pled guilty to one count each of grand theft. The offenses were scored under the same scoresheet, showing that appellant had three prior category six offenses, which were scored, as well as another prior conviction. Appellant also was assessed six points for being under legal constraint at the time of the present offenses. Her scoresheet contained fifty-three points, which resulted in a guidelines' recommendation of community control or twelve to thirty months' incarceration.
On the following grounds, the trial judge departed from the guidelines and sentenced appellant to two concurrent five-year terms:
1. Defendant has exhibited continued pattern of theft.
2. Defendant was on probation and violated probation by another theft charge.
3. Defendant has previously been sentenced to the state prison and has not been rehabilitated.
4. The court finds that defendant is an habitual thief.
*170 Grounds one and four appear to be based exclusively upon appellant's prior record, which has already been scored and therefore is an improper ground for departure. Hendrix v. State, 475 So.2d 1218 (Fla. 1985). Reason number two also has already been factored into the scoresheet and thus is an inappropriate ground for departure. Moore v. State, 483 So.2d 37 (Fla. 1st DCA 1986). In State v. Mischler, 488 So.2d 523 (Fla. 1986), the court listed three categories of reasons that, if given by the trial court to justify departure, require reversal by an appellate court. One of those reasons is that "factors already taken into account in calculating the guidelines score can never support departure." Consequently, in light of the above-cited cases, as well as Mischler, we must reverse and remand for resentencing on the basis of the impropriety of reasons one, two and four.
Reason number three is likewise insufficient in that it fails to bear any relationship to departure from the guidelines since the guidelines' recommendation allowed for imposition of a twelve to thirty-month prison term. Compare Sabb v. State, 479 So.2d 845 (Fla. 1st DCA 1985) and Brooks v. State, 456 So.2d 1305 (Fla. 1st DCA 1984), in which this Court refused to support departure from a recommended sentence of incarceration to an increased term of incarceration merely on the ground that incarceration appeared to be necessary. Reason number three in the instant case is likewise not sufficiently specific to justify imposition of a greater than recommended prison term.
Reversed and remanded for resentencing.
SHIVERS, J., concurs.
BOOTH, C.J., dissents with written opinion.
BOOTH, Chief Judge, dissenting:
I must dissent. Unless and until the Supreme Court eliminates all discretion from the judicial function of imposing sentence, written reasons such as those in the instant case should be considered collectively and upheld as a basis for departure from the guidelines. The trial court in his wisdom has evaluated defendant's past performance in the justice system and found reasons for departure which are not to be found listed on the guidelines sheet. I do not interpret Hendrix v. State, 475 So.2d 1218 (Fla. 1985), or other decisions of the Florida Supreme Court to preclude all consideration of a defendant's past record; indeed, what else is the judge to consider? What is precluded is departures based on matters already scored under the guidelines. In the instant case, the trial court's reasons for departure (continued pattern of theft and habitual thievery; repeated violation of probation and inability to be rehabilitated) are supported by the record but are not matters scored as such on the guidelines sheet.
I would affirm.