PER CURIAM.
The judgment of conviction from which the defendant appeals is affirmed upon a holding that the trial court properly denied the motion to suppress identification testi *809 mony since the identification procedure did not give rise to a substantial likelihood of irreparable misidentification, see Neil v. Biggers, 409 U.S. 188, 93 S.Ct. 375, 34 L.Ed.2d 401 (1972); Manson v. Brathwaite, 432 U.S. 98, 97 S.Ct. 2243, 53 L.Ed.2d 140 (1977); Grant v. State, 390 So.2d 341 (Fla. 1980), cert. denied, 451 U.S. 913, 101 S.Ct. 1987, 68 L.Ed.2d 303 (1981), and, further, since an identification made shortly after a crime is committed is inherently more reliable than a later identification in court, State v. Freber, 366 So.2d 426 (Fla.1978); State v. Guerra, 455 So.2d 1046 (Fla. 3d DCA 1984) (en banc), review denied, 461 So.2d 114 (Fla.1985).
We agree with the defendant that the trial court improperly sentenced him to two consecutive minimum mandatory terms of imprisonment.[1] Imposition of consecutive sentences is improper unless the offenses arose from separate incidents which occurred at separate times and places. See State v. Baker, 452 So.2d 927 (Fla.1984); Palmer v. State, 438 So.2d 1 (Fla.1983); Warren v. State, 450 So.2d 891 (Fla. 3d DCA 1984). Accordingly, the sentences are modified to run concurrently rather than consecutively.
The judgment of conviction and sentences are affirmed, as modified.

. The state concedes this point.