LEHAN, Acting Chief Judge.
We affirm defendant’s, conviction for burglary with attempt to commit assault and defendant’s sentence upon revocation of probation. We reverse and remand for resentencing with respect to defendant’s sentence for burglary with attempt to commit assault.
In sentencing defendant for burglary with attempt to commit assault the trial court departed from the guidelines recommended sentencing range on the basis that defendant was an habitual offender. Habitual offender status is not a valid reason for departure. See Whitehead v. State, 498 So.2d 863 (Fla.1986). We cannot say that the trial court’s reasons for finding defendant to be an habitual offender were sufficient in and of themselves to justify the departure and therefore reverse and remand for resentencing. See Albritton v. State, 476 So.2d 158 (Fla.1985).
One of defendant’s other contentions is that he was erroneously required to repeat before the jury words allegedly spoken by the assailant to the victim. The state, citing United States v. Wade, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967), contends that there was no impropriety. Wade found no error in a defendant having been required to recite at a lineup words which an assailant had allegedly spoken to the victim. Whether or not there was error in this respect in this case under all the circumstances, we do not conclude that there was reversible error. After the defendant repeated those words before the jury, the victim continued to be unable to identify the defendant as the assailant. It does not appear that the outcome could not have been used in favor of defendant.
Reversed and remanded for resentencing in accordance with this opinion.
HALL and SANDERLIN, JJ., concur.