509 So.2d 1104 (1987)
Joseph GRIFFIS, Petitioner,
v.
STATE of Florida, Respondent.
No. 69800.
Supreme Court of Florida.
July 16, 1987.
Michael E. Allen, Public Defender, Second Judicial Circuit, and P. Douglas Brinkmeyer, Asst. Public Defender, Tallahassee, for petitioner.
Robert A. Butterworth, Atty. Gen. and Patricia Conners, Asst. Atty. Gen., Tallahassee, for respondent.
BARKETT, Justice.
We have for review Griffis v. State, 497 So.2d 296 (Fla. 1st DCA 1986), in which the district court certified the following question of great public importance:
DOES A TRIAL COURT'S STATEMENT, MADE AT THE TIME OF DEPARTURE FROM THE SENTENCING GUIDELINES, THAT IT WOULD DEPART FOR ANY ONE OF THE REASONS GIVEN, REGARDLESS OF WHETHER BOTH VALID AND INVALID REASONS ARE FOUND ON REVIEW, SATISFY THE STANDARD SET FORTH IN ALBRITTON V. STATE?

Id. at 297. We have jurisdiction, article V, section 3(b)(4), Florida Constitution, and answer the question in the negative.
*1105 The obvious difficulty posed by an affirmative answer is the danger recognized by Judge Barfield in his concurring opinion: some trial judges may be tempted to mechanically include a "boiler plate" statement without conscientiously weighing whether his or her decision would be affected by the elimination of one or more of several reasons for departure. 497 So.2d at 298.
Because of this concern, this Court rejected the recommendation of the Sentencing Guidelines Commission in December 1985 that such a statement be permitted. The Court said then:
There is too great a temptation to include this phraseology in all departure sentences and we do not believe it appropriate to approve boiler plate language. The trial judge must conscientiously weigh relevant factors in imposing sentences; in most instances an improper inclusion of an erroneous factor affects an objective determination of an appropriate sentence.
The Florida Bar re: Rules of Criminal Procedure (Sentencing Guidelines, 3.701, 3.988), 482 So.2d 311, 312 n. 1 (Fla. 1985).
Moreover, in Albritton v. State, 476 So.2d 158 (Fla. 1985), we held that where the appellate court finds some reasons for departure to be invalid, it must reverse unless the state can show beyond a reasonable doubt that the sentence would have been the same without the invalid reasons. We cannot in good conscience say that such a standard can be met through the anticipatory language of the trial judge rather than the reweighing of only the appropriate departure factors. The trial judge should have the opportunity to review and weigh the appropriate factors under the guidance of the appellate court's review of the reasons given. We see no reason to recede from our position of December 1985.
We reiterate the principle of Albritton. Such a sentence can be affirmed only where the appellate court is satisfied by the entire record that the state has met its burden of proving beyond a reasonable doubt that the sentence would have been the same without the impermissible reasons. A statement by the trial court that it would depart for any of the reasons given, standing alone, is not enough to satisfy that burden.
Thus, the decision of the district court is quashed and the matter remanded for reconsideration in light of the foregoing.[*]
It is so ordered.
McDONALD, C.J., and EHRLICH, SHAW and GRIMES, JJ., concur.
OVERTON and KOGAN, JJ., dissent.
NOTES
[*] We do not decide the effect of section 921.001(5), Florida Statutes, as amended in 1987, see CS for SBs 35, 437, 894 and 923, § 3, upon cases involving crimes committed subsequent to July 1, 1987.