SHIVERS, Judge.
Appellant Sidney Ollie Gibson contends the trial court erred in using appellant’s habitual offender status as a reason for departure from the sentencing guidelines. We agree and reverse.
After a jury trial, Gibson was found guilty of dealing in stolen property, declared to be a habitual offender and sentenced to 25 years incarceration in excess of the recommended guideline range of 9-12 years. The sentence exceeds the statutory 15-year maximum sentence for this second-degree felony.
The trial court’s September 3, 1986, five-páragraph order contains both its reasons for departure and its finding of habitual offender status. Paragraphs 1-3 track the language of section 775.084, Florida Statutes, and constitute the court’s finding that appellant is a habitual offender. Paragraph 4 states the court’s four reasons for departure:
a) In a relatively short period of time, from 1977 through 1982, the defendant amassed a total of eleven (11) felony convictions.
b) The prior eleven felony convictions involved different victims, different locations and most were committed on different dates.
c) The defendant has shown a pattern of complete disregard for the property rights of others.
d) The defendant has failed to be rehabilitated by prior terms of probation and short periods of imprisonment.
We find all four reasons for departure to be invalid. Reason a) relates to the finding of habitual offender status and is an invalid reason for departure. Whitehead v. State, 498 So.2d 863 (Fla.1986). Reasons b) and c) are invalid since they take into ac *1192 count defendant’s prior record, which was already factored into the sentencing guidelines scoresheet. Hendrix v. State, 475 So.2d 1218 (Fla.1985). Reason d) is invalid because it fails to bear any relationship to the court’s departure. The trial court stated that the appellant had failed to be rehabilitated by prior probation and short terms of imprisonment, yet the recommended guideline range would have allowed the court to impose a term of 9-12 years. See Fain v. State, 488 So.2d 169 (Fla. 1st DCA 1986); Abt v. State, 504 So.2d 548 (Fla. 4th DCA 1987).
We reverse and remand for resentencing.
REVERSED and REMANDED.
NIMMONS and BARFIELD, JJ., concur.