520 So.2d 273 (1988)
Albert HESTER, Petitioner,
v.
STATE of Florida, Respondent.
Nos. 70349, 70350.
Supreme Court of Florida.
February 25, 1988.
*274 Michael E. Allen, Public Defender and Ann Cocheu, Asst. Public Defender, Second Judicial Circuit, Tallahassee, for petitioner.
Robert A. Butterworth, Atty. Gen. and Norma J. Mungenast, Asst. Atty. Gen., Tallahassee, for respondent.
BARKETT, Justice.
We have for review the consolidated cases of Hester v. State, 503 So.2d 1342 (Fla. 1st DCA 1987), and Hester v. State, 503 So.2d 1346 (Fla. 1st DCA 1987), which both certified the following question of great public importance:
Is the habitual offender statute still operative for the purpose of extending the permissible maximum penalty and imposing a departure sentence beyond the guidelines?
503 So.2d at 1346-47. We have jurisdiction. Art. V, § 3(b)(4), Fla. Const. We approve in part and quash in part the decisions below, and remand for further proceedings.
In the first of the proceedings below, petitioner was tried and convicted of attempted second degree murder with a firearm, aggravated assault, attempted armed robbery and two counts of armed robbery. In the second proceeding below, petitioner was tried and convicted of attempted second degree murder with a firearm and armed robbery. At sentencing, the trial court found him to be a habitual offender under section 775.084, Florida Statutes (1985).
Based on petitioner's habitual offender status, the trial court noted that the penalty for five of the seven felonies could be enhanced to a maximum of life in prison, another to a maximum of thirty years, and the last to a maximum of ten. The guidelines scoresheet showed a recommended sentence of twenty-two to twenty-seven years. 503 So.2d at 1344-45.
The trial court departed from the guidelines and imposed the maximum penalty provided under the habitual offender statute on all counts. As reasons for departure, it gave the following:
1. As set forth by separate Order, the Defendant has been declared a habitual offender by this Court.
2. The Defendant is a career criminal and is non-rehabilitative. The Defendant's criminal history contained in the presentence investigation report indicates an escalated pattern of criminality since 1973. The Defendant is currently 24 years old, which indicates prior criminal activity since age 12 years, and continues through the current offenses by which he stands convicted.
503 So.2d at 1345.[*] The trial court also stated it would depart for any one of the reasons it had cited. On appeal, the First District affirmed in all respects. 503 So.2d at 1345-46.
*275 We answer the certified question in the affirmative. See Winters v. State, 522 So.2d 816 (Fla. 1988). There, we held that the habitual offender statute may be used to extend the maximum penalty of a crime in a manner consistent with the guidelines, but not as a reason for departure from the sentencing guidelines recommendation. The First District correctly applied this principle and is approved in this regard.
We also will not disturb the First District's holding that petitioner was correctly accorded habitual offender status. Although we recognize that past conduct alone will not always support such a finding, we are satisfied that it was appropriate in this instance.
However, the district court's opinion in one respect may be in conflict with this Court's opinion in Griffis v. State, 509 So.2d 1104, 1105 (Fla. 1987), which was issued several months after the decision below. There, we held that
where the appellate court finds some reasons for departure to be invalid, it must reverse unless the state can show beyond a reasonable doubt that the sentence would have been the same without the invalid reasons... .
A statement by the trial court that it would depart for any of the reasons given, standing alone, is not enough to satisfy that burden.
(Emphasis in original.) In this case, the First District found only one valid reason for departure, the petitioner's escalating pattern of violent criminal behavior. See Ballard v. State, 506 So.2d 1033 (Fla. 1987); Keys v. State, 500 So.2d 134, 136 (Fla. 1986). It found all the others either invalid or unreviewable. As its reason for sustaining the trial court, the First District cited the trial court's statement that it would depart for any of the reasons given. We therefore quash that portion of the opinion below dealing with the reasons for departure, since it appears the First District may have decided the issue based entirely on the trial court's statement. This case must be remanded for the First District to reconsider in light of Griffis.
We approve in part, quash in part and remand for proceedings consistent with this opinion and with Griffis.
It is so ordered.
McDONALD, C.J., and OVERTON, EHRLICH, SHAW, GRIMES and KOGAN, JJ., concur.
NOTES
[*] The First District found that the trial court actually had cited five reasons: (1) habitual offender status, (2) a career of crime, (3) nonrehabilitativeness, (4) an escalating pattern of criminality, and (5) petitioner's juvenile record. 503 So.2d at 1345.