DANAHY, Chief Judge.
The appellant, Trevor Cochran, appeals his departure sentence of life imposed on remand after appeal of his previous departure sentence of life. We affirm.
This case has had an extended procedural history. In January of 1986 the appellant was convicted of burglary with assault in violation of section 810.02(2)(a), Florida Statutes (1985). The judge sentenced him to life imprisonment, departing from the presumptive range of four and one-half to five and one-half years imprisonment. On the guidelines scoresheet the judge provided the following reasons for departure: “The [defendant] is a habitual offender[1] & constitutes a danger to society. Terror of victim; thoughtful planning of crime.” The appellant appealed his conviction and sentence. Before this court issued its opinion in this first appeal, the supreme court of Florida decided Whitehead v. State, 498 So.2d 863 (Fla.1986), holding habitual of *1166 fender status an invalid reason for departure if based upon prior record. This court affirmed the appellant’s conviction but reversed his sentence based on Whitehead and remanded for resentencing pursuant to Albritton v. State, 476 So.2d 158 (Fla.1985). Cochran v. State, 506 So.2d 49 (Fla. 2d DCA 1987).
At resentencing after remand, the trial judge chose the danger-to-society reason alone and expanded upon it in a lengthy sentencing order explaining her findings and supporting reasons in great detail. She based her finding that the appellant posed a “danger to society in the future” primarily on the following: despite repeated attempts at rehabilitation in the prison system and on probation coupled with continued psychiatric counseling, whenever certain dangerous situations occurred (i.e. several factors coalescing at once — alcohol consumption and stressful life events — explained in several psychiatric reports which the judge appended to her order), the appellant reacted by engaging in criminal behavior. The judge concluded:
From the doctor’s reports [appended to this order], from the apparent failure of counseling in the past, from all indications, there is no way to make certain these “situations” occur [sic] ... no way, hope of rehabilitation, short of keeping the Defendant in custody, to make certain he does not face those situations again in society, and commit additional offenses.
This Court would be derelict in its duty if it failed to view the totality of the Defendant’s mental history. Based upon this history, the Court finds beyond a reasonable doubt that the Defendant constitutes a future and continued danger to society.
The judge was careful to state in her order that her conclusions contained no consideration of the appellant’s prior cases where he was found not guilty by reason of insanity nor of cases in which the appellant had previously pled or was found guilty. In the instant appeal the appellant claims that the trial judge has failed to follow the mandate of this court upon resentencing. We disagree with the appellant’s view and, therefore, affirm.
We find that’the trial judge was faced with the very case which Whitehead anticipated in the following language from that opinion:
Second, the factual finding that a defendant poses a danger to society is equally accommodated by the guidelines and is also applied to all defendants. Some indicia of future danger are, of course, weighed and scored within the guidelines. Victim injury, for example, which may under some circumstances indicate dangerousness, is specifically scored and therefore considered in a guidelines sentence. The same is true regarding a defendant’s use of a weapon and his legal status when committing a crime. Other evidence, however, which establishes beyond a reasonable doubt that the defendant poses a danger to society in the future can clearly be considered justification for a departure from the recommended sentence.
Whitehead, 498 So.2d at 865 (emphasis added). We do not believe that the supreme court’s subsequent language in Keys v. State, 500 So.2d 134 (Fla.1986) — finding “danger to the community” not a clear and convincing reason for departure — is a bar to our disposition since the court specifically limited that finding to the case before it. Keys, 500 So.2d at 136.[2] The trial judge in the instant case also avoided the Keys proscription against mere speculation that the appellant would commit crimes in the future by her careful analysis and accompanying record support. Id.
In summary, since the trial court did articulate fully one of the former departure reasons to provide a clear and convincing reason to depart again on an Albritton remand, she has not violated the rule in *1167 Shull v. Dugger, 515 So.2d 748 (Fla.1987),[3] and her order is, therefore, affirmed.
SCHEB and CAMPBELL, JJ., concur.

. The necessary procedures pursuant to section 775.084, Florida Statutes (1985), were followed.

. In Keys, the supreme court found that "danger to the community, is not a clear and convincing reason for departure in this case." Id. at 136 (emphasis added).

. We distinguish the recent case of Harris v. State, 520 So.2d 688 (Fla. 3d DCA 1988), which held that reasons used to ground an habitual offender finding cannot be used at resentencing on remand to support departure as this is a violation of Shull v. Dugger. The case before us had other separate reasons supporting departure along with the habitual offender reason later found invalid in Whitehead; Harris, on the other hand, had only the one reason, habitual offender, supporting departure.