ON REMAND
PER CURIAM.
These cases are again before us on remand by the Florida Supreme Court with instructions for the court to reconsider, in light of Griffis v. State, 509 So.2d 1104 (Fla.1987), its affirmance of appellant’s sen- *488 fences, notwithstanding the invalidity of some of the departure reasons. The facts involved are fully stated in our first opinions. Hester v. State, 503 So.2d 1342 and 1346 (Fla. 1st DCA 1987), app’vd in part and quashed in part, 520 So.2d 273 (Fla.1988).
The Griffis court held that a trial court’s statement that it would depart from the sentencing guidelines for any one of the reasons given is insufficient, standing alone, to establish that the sentence given would have been the same without the invalid reasons. In our original decisions, after a discussion in detail of all reasons given for departure, we then noted certain statements by the trial court, in addition to the enumerated reasons for departure, including the “boiler-plate” language condemned in Griffis. We found one departure reason, the “escalating pattern of criminality,” to be valid. We then held that “we [were] persuaded beyond a reasonable doubt that the trial court would impose the same sentence if any of the above six reasons were found to be valid.”
Upon further consideration, in light of Griffis, we adhere to our original decisions. The permissible reason we relied upon in upholding the departure is quite substantial; and as our original opinions indicate, we gave minimal attention to the “boilerplate” recital in reaching our decision. In sum, our decision regarding the sufficiency of the departure reason remains unchanged.
Accordingly, the judgments and sentences in cases numbered BN-252 and BN-253 are AFFIRMED.
SMITH, C.J. and JOANOS, J., concur.
BARFIELD, J., concurs with written opinion.