JOANOS, Judge.
Robert Oakley Hays has appealed from a conviction and sentence. He has argued that the trial court erred in sentencing appellant as an habitual offender.
Appellant, who had been drinking heavily, was apprehended after he stole some clothes out of a truck. He was charged with burglary of a conveyance and petit theft. A jury found appellant guilty as charged. On May 8, 1987, appellant was adjudicated guilty and sentenced as an habitual offender to 10 years in state prison for the burglary with credit for 312 days. For the petit theft he was sentenced to time served. Prior to the sentencing, the state filed a notice of habitual offender sentencing, and the parties agreed to a sentencing guidelines scoresheet which contained a total of 102 points, calling for a 3½ to 4½ year sentence. Defense counsel objected to the habitual offender consideration because it had been removed as a reason for departure from the guidelines. Nevertheless, the trial court designated appellant as an habitual offender and sentenced him to the ten years incarceration.
We reverse and remand for resentencing within the guidelines. The scoresheet to which both parties stipulated recommends a guidelines sentence between &kr-£k years incarceration. Appellant was convicted of burglary of a conveyance as his primary offense, a third degree felony, which carries a maximum five year statutory term of imprisonment. See sections 810.02(3), 775.082(3)(d), Florida Statutes (1985). The trial judge exceeded the guideline recommendation and statutory maximum, and sentenced appellant to 10 years in prison because the judge determined appellant to be an habitual offender. We found no written “reasons for departure” in the record, only the “Determination of Habitual Offender” issued by the trial court. Therefore, it appears that the court was basing its departure on the habitual offender determination.
A departure sentence may not be based on habitual offender status. Whitehead v. State, 498 So.2d 863 (Fla.1986). Under different circumstances, the habitual offender statute is still operative to extend the permissible maximum penalty and impose a departure sentence consistent with the guidelines. See Winters v. State, 522 So.2d 816 (Fla.1988); Hester v. State, 520 So.2d 273 (Fla.1988). However, the holdings in Winters and Hester do not apply to the facts of this case, because here the guidelines recommendation did not exceed the statutory maximum.
Although the state has conceded that such a departure is improper, the state has asked that this court remand for resentenc-ing and allow the trial court to depart based on another reason, namely victim injury. We cannot honor the request. The Florida Supreme Court has ruled that a trial court may not enunciate new reasons to support a departure sentence after the original reasons have been held invalid by an appellate court. Shull v. Dugger, 515 So.2d 748 (Fla.1987). See also Dean v. State, 523 So.2d 165 (Fla. 1st DCA 1988). Therefore, we reverse and remand for re-sentencing within the guidelines recommendation.
MILLS and SHIVERS, JJ., concur.