527 So.2d 925 (1988)
Ira Chester TYSON, Appellant,
v.
STATE of Florida, Appellee.
No. 87-1815.
District Court of Appeal of Florida, Fourth District.
June 29, 1988.
*926 Richard L. Jorandby, Public Defender, and Anthony Calvello, Asst. Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Joy B. Shearer, Asst. Atty. Gen., West Palm Beach, for appellee.
WALDEN, Judge.
The defendant, Ira Tyson, was convicted of strong arm robbery, for which the presumptive guidelines sentence is three and one-half to four and one-half years. The trial judge originally orally stated that he was departing from the guidelines because the defendant was an habitual offender and sentenced Tyson to thirty years' incarceration. The defendant appealed the departure in Tyson v. State, 504 So.2d 791 (Fla. 4th DCA 1987). This Court reversed and ruled that the habitual offender statute cannot be used as a basis for departure and further ruled that the trial court failed to set forth in writing its grounds for departure. On remand the trial court again departed from the guidelines and gave two new written reasons for departure.
We reverse and remand for resentencing within the guidelines on the basis of the principle espoused in Shull v. Dugger, 515 So.2d 748 (Fla. 1987), which holds that a trial court is required to articulate all of the reasons for departure in the original order so as to avoid unwarranted efforts to justify a departure. A trial court may not enunciate new reasons for a departure sentence after the reasons given for the original departure have been reversed by an appellate court. Although Shull dealt with a situation where the trial court had given written reasons for departure which were found to be invalid, we extend the rule to apply when a trial court merely states oral reasons for departure which are found to be invalid.
Reversed and Remanded for further proceedings consistent herewith.
DELL, J., concurs.
HERSEY, C.J., concurs in result only.