530 So.2d 1085 (1988)
Frank ROBINSON, Appellant,
v.
STATE of Florida, Appellee.
No. 87-0562.
District Court of Appeal of Florida, Fourth District.
September 14, 1988.
Richard L. Jorandby, Public Defender, and Anthony Calvello, Asst. Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Alfonso M. Saldana, Asst. Atty. Gen., West Palm Beach, for appellee.
STONE, Judge.
We affirm the defendant's sentence for burglary of a dwelling and petty theft.
The defendant was initially sentenced as a habitual offender to thirty years in prison, a sentence in excess of the guidelines. In Robinson v. State, 497 So.2d 1355 (Fla. 4th DCA 1986), this court reversed for resentencing because the trial court failed to assign written reasons for departure, and under Whitehead v. State, 498 So.2d 863 (Fla. 1986), the trial court improperly used *1086 the defendant's habitual offender status as a reason for departure.
Upon resentencing, the trial court again departed from the guidelines, listing these written reasons: (1) a total and complete lack of regard for the law, and (2) the defendant was incorrigible  prison has not rehabilitated him.
The defendant, relying on Shull v. Dugger, 515 So.2d 748 (Fla. 1987), contends that the trial court erred in utilizing new reasons for departure in the resentencing. However, the record reveals that at the initial sentencing hearing, the trial court did specify its reliance, in part, on the defendant's inability to be rehabilitated. Additionally, we note that there is support in the record for the court's conclusion that the defendant has not been rehabilitated by prison and is incorrigible, including the fact that this crime occurred within two weeks of his release from custody.
In Shull v. Dugger, the supreme court held that a trial court may not give new reasons for departure where all of the initially stated reasons have been found invalid. Here, in the first sentence, there were no written reasons given for departure. This court recently reversed a sentence and remanded for resentencing to allow a trial court to give written reason for departure where no written reasons were initially provided. See Schmeisser v. State, 527 So.2d 276 (Fla. 4th DCA 1988).
In Robinson I, the court made no mention of the other departure reasons that were stated on the record by the trial court as part of the oral sentence. In Cochran v. State, 13 F.L.W. 959 (Fla. 2d DCA April 13, 1988), the trial court had initially departed because of several reasons: the defendant was a habitual offender and constituted a danger to society; the terror caused to the victim; and the thoughtful planning of the crime. The initial sentence had been reversed based on Whitehead. On remand, the trial judge selected the danger to society reason as the sole basis for deviating from the guidelines. The Second District Court of Appeal, on appeal from the resentencing, concluded that "since the trial court did articulate fully one of the former departure reasons to provide a clear and convincing reason to depart again on an Albritton remand, she has not violated the rule in Shull v. Dugger...." Cochran v. State, 13 F.L.W. at 960.
We note that in Tyson v. State, 527 So.2d 925 (Fla. 4th DCA 1988), this court recently held that on resentencing a trial court may not rely on new reasons for departure, even where the initial grounds to depart were not in writing. See also Harris v. State, 520 So.2d 688 (Fla. 3d DCA 1988). However, here the defendant's status as an incorrigible person who had not been rehabilitated despite prior imprisonment had been raised in the initial sentencing, and was not found invalid nor otherwise addressed in the first appeal. This ground is a valid reason to depart because it was not previously factored into the presumptive sentence. See, e.g., (Jessie) Williams v. State, 504 So.2d 392 (Fla. 1987); Allen v. State, 522 So.2d 850 (Fla. 4th DCA), rev. denied, 518 So.2d 1273 (Fla. 1987); McMillan v. State, 516 So.2d 1064 (Fla. 4th DCA 1987), rev. denied, 525 So.2d 879 (Fla. 1988); Leath v. State, 487 So.2d 384 (Fla. 4th DCA 1986); Pullens v. State, 516 So.2d 34 (Fla. 2d DCA 1987); Ashley v. State, 510 So.2d 970 (Fla. 5th DCA), rev. denied, 519 So.2d 986 (Fla. 1987). Also cf. Jones v. State, 517 So.2d 121 (Fla. 4th DCA 1987); Larry v. State, 527 So.2d 883 (Fla. 1st DCA 1988); Stubbs v. State, 522 So.2d 444 (Fla. 1st DCA 1988).
We recognize that an earlier opinion of this court, Abt v. State, 504 So.2d 548 (Fla. 4th DCA 1987), stated that the failure to rehabilitate the defendant was an invalid ground for departure. See also Fain v. State, 488 So.2d 169 (Fla. 1st DCA 1986); Gibson v. State, 510 So.2d 1191 (Fla. 1st DCA 1987); Bradley v. State, 509 So.2d 1137 (Fla. 2d DCA 1987). However, the authority followed in Abt v. State, (Samuel) Williams v. State, 492 So.2d 1308 (Fla. 1986), and Scurry v. State, 489 So.2d 25 (Fla. 1986), are here inapposite. In any event, we consider (Jessie) Williams v. State, 504 So.2d 392 (Fla. 1987), Allen v. State, Leath v. State, and McMillan v. State, to be persuasive in this case where *1087 the failure to rehabilitate does not merely refer to the defendant's past record, but rather, to the trial court's exercise of judgment regarding the defendant's lack of capacity for rehabilitation.
Although the other ground for departure, lack of regard for the law, is invalid, we conclude that this statement is harmless error because the record shows, beyond a reasonable doubt, that the trial court would have imposed the same sentence on the basis of the valid reason. See Hall v. State, 517 So.2d 692 (Fla. 1988); Casteel v. State, 498 So.2d 1249 (Fla. 1986); Albritton v. State, 476 So.2d 158 (Fla. 1985); Nodal v. State, 524 So.2d 476 (Fla. 2d DCA 1988). In any event, a single valid ground to deviate is now sufficient. See Abt v. State, 528 So.2d 112 (Fla. 4th DCA 1988).
The defendant also raised an issue concerning the calculation of the recommended guideline range which we consider to be harmless error given the sentence imposed.
The sentence of the trial court is therefore affirmed.
GLICKSTEIN, J., and TOBIN, DAVID L., Associate Judge, concur.