JOANOS, Judge.
In this sentencing appeal, William Eniser Slay contends that the trial court erred upon remand in departing from the recommended guidelines sentence. We affirm.
Slay was convicted of sexual battery and false imprisonment. In sentencing the defendant, the record reveals that the trial court executed two documents. One was labelled, “Sentence”, and the other, “Statement of Reasons for Departure from Sentencing Guidelines.” In the “Sentence,” the trial judge included a lengthy review of all of the factors comprising appellant’s criminal behavior. Included in the review was Slay’s prior record which listed the convictions of several juvenile offenses more than three years old that would have been felonies if committed by an adult. The prior record also reflected continuing and increasing criminal conduct on the part of Slay after he became an adult. Included in the summary of the “Sentence,” the trial court made these statements:
[[Image here]]
On becoming an adult he continued his criminal activities — and has been convicted of three felonies in Duval County and sentenced to prison for a total of seven years.
Including the present case, the defendant now has nine felony convictions.
[[Image here]]
In the “Sentence,” the trial court went on to make findings that culminated in a determination that Slay be sentenced as a habitual offender to extended sentences. Slay was sentenced to thirty years for sexual battery and ten years for false imprisonment, to run consecutively. In the second document, “Statement of Reasons for Departure from Sentencing Guidelines,” the trial court referred to the finding of *1223 habitual felony offender status that had been made in the other document and used that finding as the reason for departure. In doing so the trial court cited reliance upon Whitehead v. State, 467 So.2d 779 (Fla. 1st DCA 1985), and two other cases in which this court held that the habitual felony offender status was a sufficient reason for an upwards departure from the presumptive sentence.
That first sentence was appealed to this court. In the meantime, the Florida Supreme Court in Whitehead v. State, 498 So.2d 863 (Fla.1986), reversed this court’s view of the habitual felony offender status as a proper reason for sentencing departure. Consequently, Slay’s first sentence was reversed and the case was remanded for resentencing. Slay v. State, 508 So.2d 1268 (Fla. 1st DCA 1987).
Slay was resentenced on October 22, 1987. The trial court departed from the presumptive guideline range of 7-9 years and sentenced appellant to 15 years on Count I, and 5 years on Count II, to run concurrently. As reasons for departure, in the “Order Resentencing Defendant,” the trial court gave two. The trial court based its departure sentence on grounds that Slay had three juvenile felony convictions which were not factored into the guidelines sentence, and Slay’s conduct revealed an escalating course of criminal conduct from crimes against property to violent crimes against persons.
Slay has argued in this appeal that the trial court’s departure in the second sentencing is contrary to Shull v. Dugger, 515 So.2d 748 (Fla.1987). Slay has asserted correctly that the trial court may not, on remand, exceed the guidelines by relying on new reasons for departure. See also Morganti v. State, 524 So.2d 641 (Fla.1988); Brumley v. State, 520 So.2d 275 (Fla.1988); Hays v. State, 526 So.2d 165 (Fla. 1st DCA 1988). The State has conceded this point.
However, given the facts of this case, the record supports an affirmance of Slay’s departure sentence. In the first sentencing, by including the review of all of the factors comprising appellant’s criminal behavior, the judge sufficiently set out the two reasons the judge gave on remand as grounds for departure, such that these two reasons are not “new reasons.” Although, in the “Statement of Reasons for Departure from Sentencing Guidelines,” the judge only stated the habitual felony offender status as the ground for departure, he referred to the findings made in the other document. Both documents, when read together, make it clear that the trial judge’s sentence included consideration of the escalating pattern of criminal behavior as well as the juvenile convictions.
Recently in Robinson v. State, 530 So.2d 1085 (Fla. 4th DCA 1988), appellant’s initial sentence was reversed because the reasons for departure were not in writing and because it was based on the improper habitual offender reason for departure. Upon resentencing, the trial court again departed from the guidelines, listing two departure reasons. Appellant argued that the court erred in utilizing new reasons for departure, citing Shull. The fourth district court found that as in the instant case, the record revealed that when initially sentencing appellant the trial court did specify its reliance on other departure reasons, and there was support in the record for those grounds.
In affirming appellant’s sentence in Robinson, the fourth district court relied on Cochran v. State, 534 So.2d 1165 (Fla. 2d DCA 1988), where the court initially departed based on the habitual offender status as one of its reasons for departure. Upon remand, the trial court reiterated another of the reasons first given for departure. The second district court concluded that because the trial court had articulated fully one of the former reasons for departure, which was a valid reason, the trial court had not violated Shull v. Dugger. 534 So.2d at 1166. As in Robinson, we affirm appellant’s departure sentence, because the two reasons the trial court gave on remand, the escalating pattern of criminal activity, and appellant’s unscored juvenile convictions, are valid reasons, Neal v. *1224 State, 531 So.2d 410 (Fla. 1st DCA 1988), and were set forth sufficiently at the initial sentencing.
AFFIRMED.
WIGGINTON and BARFIELD, JJ., concur.