PER CURIAM.
This case is before the court on remand for reconsideration in light of Griffis v. State, 509 So.2d 1104 (Fla.1987) (Griffis II). Upon reconsideration, we affirm the sentence.
In Griffis v. State, 497 So.2d 296 (Fla. 1st DCA 1986) (Griffis I), we affirmed the trial judge’s departure from the recommended guidelines sentence, in support of which he had listed eight reasons, the first three of which we found to be valid. We noted his statement that he would have imposed the same sentence if any one of the reasons were upheld as valid, and certified to the supreme court, as a matter of great public importance, the question of whether such a statement satisfies the standard set forth in Albritton v. State, 476 So.2d 158 (Fla.1985).
In Griffis II, the supreme court held that a statement by the trial court that it would depart for any of the reasons given, standing alone, is not enough to satisfy the State’s burden of proving beyond a reasonable doubt that the sentence would not have been affected by the absence of the impermissible reasons, and that such a sentence may be affirmed only when the appellate court is satisfied by the entire record that the State has met its burden. We do not interpret this to mean that the appellate court may not take into account such a statement by the trial court, but only that it may not rely on such a statement without considering the entire record.
The record in this case, including the trial judge’s statement, demonstrates that the same sentence would have been imposed in the absence of the impermissible reasons. The sentence is therefore AFFIRMED.
WIGGINTON and BARFIELD, JJ., concur.
ERVIN, J., dissents with written opinion.