ERVIN, Judge,
dissenting.
Given the language in Griffis v. State, 509 So.2d 1104 (Fla.1987), reversing and *648 remanding our earlier opinion in Griffis v. State, 497 So.2d 296 (Fla. 1st DCA 1986), with directions that we reconsider the matter in light of the supreme court’s opinion, I do not consider that we have any recourse other than to reverse and remand for sentencing. In our prior opinion, we found that only three of the eight reasons advanced by the trial judge were valid. In Griffis, in affirming the trial court’s departure sentence, we erroneously determined that the sentence imposed met the reasonable doubt standard required in Albritton v. State, 476 So.2d 158 (Fla.1985), because of the trial court’s statement that it would still depart if any one of the reasons given was later upheld as valid. In quashing our opinion in Griffis, the supreme court observed that the Albritton standard could not “be met through the anticipatory language of the trial judge rather than the reweighing of only the appropriate departure factors.” 509 So.2d at 1105. Because we are confronted with a record which includes only three valid reasons out of eight given for departure, as well as the “boiler plate” language of the trial judge, I am not satisfied that the state has met the burden exacted by Albritton. Therefore, I would reverse and remand for resentenc-ing.