545 So.2d 302 (1989)
Billy WILLIAMS and Bobby Lee Young, Appellants,
v.
The STATE of Florida, Appellee.
No. 88-529.
District Court of Appeal of Florida, Third District.
April 11, 1989.
Rehearing Denied July 14, 1989.
Bennett H. Brummer, Public Defender, and Robert Burke, Asst. Public Defender, Miami, Max P. Engel, Fort Myers, and Kenneth Speiller, Miami, for appellants.
Robert A. Butterworth, Atty. Gen., and Joan L. Greenberg, Asst. Atty. Gen., for appellee.
Before BARKDULL and BASKIN, JJ., and JOSEPH P. McNULTY, Associate Judge.
PER CURIAM.
Bobby Lee Young entered a jewelry store owned by the victims, Frank and Martha Perez, and looked at various items. A short time later, he left the store, returned with another man, and discussed a purchase with Martha Perez. During the negotiations, Billy Williams entered and remained in the store for approximately one minute before leaving. He waited outside. Young and his unidentified accomplice then attacked and robbed the Perezes. Frank Perez chased the robbers who were then joined by Williams. During the chase, he signaled a police cruiser to stop and told a police officer that he had been robbed by three black men. When Williams was captured, Perez identified him. Subsequently, Perez, seeing Young behind a nearby restaurant, pointed him out to the police, who arrested Young. Young and Williams were charged with armed robbery.
Prior to trial, Young unsuccessfully sought suppression of Perez's identification. At trial, both Williams and Young were found guilty of robbery with a weapon. The trial court departed from sentencing guidelines and sentenced each defendant to serve 15 years in prison. Williams challenges the guidelines departure; Young seeks to overturn the denial of the motion to suppress the victim's in-court identification and the guidelines departure sentence. We find no error in the denial of *303 the motion to suppress but disapprove the sentences.
First, we address the trial court's denial of the motion to suppress Perez's in-court identification of defendant Young. The trial court based its denial on Perez's testimony that Young was in the well-lit jewelry store for eight to ten minutes; that he clearly observed defendant Young when he was in the store; that he became suspicious and paid close attention to Young; that he chased defendant Young after the robbery occurred and pointed Young out to the police before Young was taken into custody. Perez also identified Young at the scene after the arrest as well as in court.
"[W]hen the police have obtained a pretrial identification by means of an unnecessarily suggestive procedure [exclusion of in-court identification testimony may be required] unless it is found to be reliable and based solely upon the witness' independent recollection of the offender at the time of the crime and uninfluenced by the intervening illegal confrontation." Edwards v. State, 538 So.2d 440, 442 (Fla. 1989), and cited cases. Assuming, without deciding, that the identification procedure was unnecessarily suggestive, we conclude that Perez's initial opportunity to observe Young provides indicia of reliability sufficient to support denial of the motion. See State v. Billue, 497 So.2d 712 (Fla. 4th DCA 1986); Dunn v. State, 492 So.2d 808 (Fla. 3d DCA 1986). "The weaknesses in the eyewitness identifications ... were argued to the jury, and ... such weaknesses went to the weight not the admissibility of the... identification." Perez v. State, 539 So.2d 600 (Fla. 3d DCA 1989). Accordingly, we affirm Young's conviction.
Next, we consider the trial court's reasons for departing from sentencing guidelines. We vacate defendants' sentences and remand for resentencing within the guidelines range. Shull v. Dugger, 515 So.2d 748 (Fla. 1987). The trial court based Young's upward departure sentence on: 1) lack of respect for the law evidenced by his fleeing the jurisdiction and 2) an escalating pattern of violent behavior. In support of Williams' departure sentence, the trial court entered an order finding that "defendant's behavior and prior criminal record shows an escalating pattern of violence." These reasons are either invalid  lack of respect for the law, see Robinson v. State, 530 So.2d 1085 (Fla. 4th DCA 1988); Dixon v. State, 513 So.2d 1378 (Fla. 3d DCA 1987); Scott v. State, 488 So.2d 146 (Fla. 3d DCA 1986); but see Brown v. State, 535 So.2d 671 (Fla. 1st DCA 1988); see also Williams v. State, 500 So.2d 501 (Fla. 1986); Coleman v. State, 521 So.2d 265 (Fla. 2d DCA 1988), or unsupported by the record  escalating pattern of violent behavior.[1]See McIntyre v. State, 539 So.2d 603 (Fla. 3d DCA 1989); Larry v. State, 527 So.2d 883 (Fla. 1st DCA 1988).
On remand, the trial court should determine the correct guidelines range. Defense counsel challenged the truthfulness of the record of defendants' prior convictions included in the guidelines scoresheet; the trial court, without providing the state *304 an opportunity to corroborate the convictions, struck the challenged points.[2] At resentencing, the state is to be afforded an opportunity to provide such evidence. See Eutsey v. State, 383 So.2d 219 (Fla. 1980); L'Homme v. State, 518 So.2d 408 (Fla. 1st DCA 1988); see generally, Minnis v. State, 505 So.2d 17 (Fla. 3d DCA 1987).
Accordingly, we affirm the convictions, vacate the sentences, and remand for resentencing.
NOTES
[1] Although the trial court did not enter a written order in support of Young's sentence, it is unnecessary to remand the cause to the trial court with directions to comply with Fla.R.Crim.P. 3.701(d)(11). "[B]ecause all of the recited reasons are invalid, the trial court may not enunciate new reasons to support a departure sentence. Thus, there is no need for a written statement." State v. Castanedo, 523 So.2d 1253 (Fla. 3d DCA 1988) (citations omitted); see Shull v. Dugger, 515 So.2d 748 (Fla. 1987) (trial court is precluded from "enunciat[ing] new reasons for a departure sentence after the reasons given for the original departure sentence have been reversed by an appellate court."); Tyson v. State, 527 So.2d 925 (Fla. 4th DCA 1988) (trial court may not rely on new reasons for departure where initial grounds were not in writing and oral reason held invalid); Montgomery v. State, 521 So.2d 298 (Fla. 3d DCA 1988) (new reasons for upward departure sentence may not be enunciated where procedure flawed and reasons assigned insufficient; sentence vacated and cause remanded for resentencing within guidelines); Harris v. State, 520 So.2d 688, 689 (Fla. 3d DCA 1988) ("We cannot read Shull's repeated references to `the reasons for departure in the original order' to mean anything but the grounds actually assigned for the first departure... . We do not think that it elevates form over substance to adhere to the strict admonition of the supreme court that the new grounds for departure may not be seized upon after the first articulated are found insufficient.").
[2] The court stated: "The Court grants that motion [to strike portions of the guidelines] and the Court in turn grants the State's motion to aggravate and so it really is six on one hand, half a dozen on the other. So we are out of the category and back into because the Court aggravates based upon what I heard. I will not require any further proof. I will just accept what you say on the challenges of these points."