FARMER, Judge.
This is an appeal from an order denying relief under rule 3.850 to correct an illegal sentence and other grounds. Appellant was convicted of a burglary of a dwelling and petit theft committed January 30,1984. He was sentenced to 30 years imprisonment as a habitual offender but his sentence was reversed on appeal for failing to include written reasons for a departure from the sentencing guidelines. Robinson v. State, 497 So.2d 1355 (Fla. 4th DCA 1986). After remand he was again sentenced to the same 30 years, and that sentence was affirmed. Robinson v. State, 530 So.2d 1085 (Fla. 4th DCA 1988), rev. denied, 542 So.2d 989 (Fla.1989). In his rule 3.850 motion, which the trial court denied, he argues that it was error to sentence him under the guidelines without first giving him the right to make an affirmative selection, which he says he never made, to be sentenced without the guidelines, i.e. under the law as it existed before the guidelines. We agree and reverse.
Although he was originally sentenced on June 21, 1984, his resentencing after remand took place on February 10, 1987. At that hearing the trial judge discussed appellant’s guidelines scoresheet and habitual offender status, saying that he could still sentence him to 30 years as a habitual offender. He then asked if the defense had anything to say in mitigation, but appellant and his attorney remained silent. The judge thereupon sentenced appellant to 30 years in prison as a habitual offender, saying that an upward departure was proper because appellant had a complete lack of regard for the law, was incorrigible, and prison had not rehabilitated him. Defense counsel then objected to the departure, as well as the calculation of the guidelines score, saying that appellant “should have been sentenced under the guidelines at the time of the offense.”
Appellant’s central point is that he was never given the option at resentencing of being sentenced without the guidelines. He correctly points out that under Smith v. State, 537 So.2d 982 (Fla.1989), the sentencing guidelines were constitutionally invalid until adopted by the legislature on July 1, 1984, and that a defendant who is sentenced after the guidelines became effective for a crime committed before their effectiveness can “affirmatively select” (or reject) sentencing under the guidelines.[1] *268 He was resentenced, he argues, after July 1, 1984, and therefore should have been given an opportunity by the trial court to select his own basis for sentencing — i.e. without the sentencing guidelines.
In Wahl v. State, 543 So.2d 299 (Fla. 2nd DCA), rev. denied, 551 So.2d 463 (Fla.1989), the court held that a guidelines sentence was illegal because it had been imposed for crimes committed on January 29, 1984, with sentencing held on September 29, 1984. As here, defendant was originally deemed a habitual offender and given a departure sentence, the effect of which was to make defendant ineligible for parole. Even though he could be sentenced without the guidelines to the same maximum term, he would then be eligible for parole and thus could be released from prison earlier than he would under the guidelines.
As the supreme court pointed out in Smith:
Where does this leave appellant? If the sentencing guidelines were invalid when he was sentenced, presumably he should have been sentenced under the old procedure in which the trial court had absolute discretion to impose a sentence within the statutory maximum. Under these circumstances, however, he would clearly be entitled to seek parole because elimination of parole was an integral part of the sentencing guidelines legislation, and we are convinced that it could not be severed from the statute. * * *
Ordinarily, this would mean that appellant would be resentenced as if the guidelines had never been enacted. However, appellant is in a unique posture. His original sentence was vacated by the district court of appeal and the trial court was directed to resentence appellant. At this point, while the date of his crime continued to predate the effective date of the guidelines (now determined to be July 1, 1984), the new sentencing took place after the guidelines became effective. Under section 921.001(4)(a), a person whose crime was committed before the effective date of the guidelines but sentenced thereafter may affirmatively select to be sentenced under the guidelines. When appellant appeared for resentencing in 1988, his effort to be sentenced under the guidelines effectively constituted the affirmative selection contemplated by section 921.001(4)(a). Therefore, appellant should have been sentenced under the guidelines which were effective on that date.
537 So.2d at 987.
It is obvious from the facts in the present case that appellant is in the same unique posture that Smith was. His crimes were committed before the new effective date of the statute, July 1, 1984, and his resentencing pursuant to our mandate took place in February 1987. The only remaining question is whether his counsel’s arguments after the court imposed the sentence operated as an “affirmative selection” of guidelines sentencing.
After the trial judge announced the sentence, appellant’s lawyer objected to the rescoring under the revised guidelines. He argued that the guidelines in effect at the time of the offense should control. He also argued that Whitehead v. State, 498 So.2d 863 (Fla.1986), precluded appellant from being treated as a habitual felony offender.
We are unable to find any affirmative selection of the guidelines treatment as opposed to non-guidelines treatment. We are especially unwilling to construe his argument, that the guidelines in effect at the date of the crime should control, to constitute an affirmative selection, when it could be reasonably understood as little more than the preservation of an objection to the length of sentence as being illegal.
There is no denying that no one apprised appellant at the resentencing of his right under Smith make an affirmative selection of non-guidelines treatment. By the term “affirmative selection”, we understand the legislature and the Court to mean a known and intentional selection, rather than acquiescence by silence or waiver. Here there was no mention at the hearing that appellant had the right to choose, and thus we could not possibly find a known and inten *269 tional selection about something that was never even brought up.
Accordingly we reverse the trial court’s denial of rule 3.850 relief and remand for resentencing, at which appellant must be given the right to “affirmatively select” sentencing under the guidelines or without them. We reject all other grounds for relief.
REVERSED AND REMANDED WITH DIRECTIONS.
HERSEY and POLEN, JJ., concur.

. Section 921.001(4)(a), Florida Statutes (1989), says in part:
The guidelines shall be applied to all felonies, except capital felonies, committed on or after October 1, 1983, and to all felonies, except capital felonies and life felonies, committed prior to October 1, 1983, for which sentencing occurs after such date when the defendant affirmatively selects to be sentenced pursuant to the provisions of this act.