PER CURIAM.
We reverse the order in appeal number 91-02525 that denied appellant’s motion to correct an illegal sentence and remand for resentencing in accordance with Smith v. State, 537 So.2d 982 (Fla.1989); Benitez v. State, 578 So.2d 43 (Fla. 2d DCA 1991); Blackwelder v. State, 570 So.2d 1027 (Fla. 2d DCA 1990); Wahl v. State, 543 So.2d 299 (Fla. 2d DCA), review denied, 551 So.2d 463 (Fla.1989); and Robinson v. State, 591 So.2d 266 (Fla. 4th DCA 1991). The fact that defendant tried to be sentenced within the guidelines, as opposed to receiving a departure sentence, did not constitute an affirmative election to be sentenced under the guidelines where he did not know that he had a choice. See Robinson. Compare Smith, 537 So.2d at 987 (defendant who attempted to be sentenced under guidelines at time when state argued that guidelines were not constitutionally in effect was held to have affirmatively selected guidelines sentencing).
Because of our disposition in ease number 91-02525, the appeal in case number 91-02531 has been rendered moot.
LEHAN, A.C.J., and HALL and PATTERSON, JJ., concur.