STRINGER, Judge.
The State has appealed a downward departure sentence imposed on Donald Knox for engaging in sexual activity with a minor. The State argues that the departure sentence is not supported by a preponderance of the evidence. We agree and reverse.
In early 1998, Knox was a thirty-eight-year-old life skills technician who was responsible for the supervision of adolescent teenage girls in a custodial program for troubled teens. While on night watch, Knox entered a sixteen-year-old girl’s dorm room and engaged in consensual sexual activity with her. At trial, Knox denied committing the alleged acts. Knox was convicted and adjudicated guilty of a violation of section 794.011(8)(b), Florida Statutes (1997).
The trial court sentenced Knox to two years in prison to be followed by four years of probation. Because Knox’s guidelines sentencing range was nine to fifteen years in prison, the sentence imposed constituted a downward departure. The reason given by the trial court for departure was that “the offense was committed in an unsophisticated manner and was an isolated incident for which the defendant has shown remorse.” The facts do not support this reason.
Although the inference to be drawn from Knox’s lack of a prior criminal record is that this was an isolated incident, Knox was thirty-eight years old at the time this incident occurred, and we find nothing in the record that would indicate Knox committed this crime in an unsophisticated manner. See State v. Bernard, 744 So.2d 1134 (Fla. 2d DCA 1999). The evidence also does not support the trial court’s finding that Knox showed remorse for his actions. Knox steadfastly denied committing this crime during his trial testimony and after his conviction. The only evidence that would support Knox’s showing of remorse is a letter he wrote to the trial court prior to sentencing, and his brief apology at sentencing “for any wrong do *682 ing I may have committed.” Knox did not otherwise express any regret for his actual conduct, nor did he acknowledge that he committed the crime.
The reason given by the trial court for imposing the downward departure sentence is not supported by the record. We therefore reverse Knox’s sentence and remand for resentencing within the guidelines.
Reversed and remand for resentencing.
PARKER, A.C.J., and WHATLEY, J., Concur.