814 So.2d 1185 (2002)
Donald KNOX, Appellant,
v.
STATE of Florida, Appellee.
No. 2D00-4175.
District Court of Appeal of Florida, Second District.
April 19, 2002.
*1186 James Marion Moorman, Public Defender, and Carol J.Y. Wilson, Assistant Public Defender, Bartow, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Ronald Napolitano, Assistant Attorney General, Tampa, for Appellee.
FULMER, Judge.
Donald Knox appeals his sentence for sexual battery imposed upon remand after this court reversed his downward departure sentence. He argues that the trial court erred in concluding that on resentencing it could not consider victim consent as a ground for downward departure. We reverse.
In 1999, Knox was convicted of committing sexual battery on a sixteen-year-old when Knox was in a position of custodial authority, in violation of section 794.011(8), Florida Statutes (Supp.1998). The victim, a resident at a juvenile detention program where Knox was employed as a life skills technician, testified at trial that she consented to the sexual activity. At the original sentencing, defense counsel asked the trial court to consider the victim's consent as a ground for downward departure. The trial court stated that the victim's testimony supported a finding that she consented to the sexual activity, but based on precedent at that time, it could not consider the victim's consent as a basis for downward departure. The trial court sentenced Knox to a downward departure sentence of two years in prison to be followed by four years of probation. The reason given by the trial court to depart from the guidelines was that "the offense was committed in an unsophisticated manner and was an isolated incident for which the defendant has shown remorse." The State appealed the departure sentence. This court reversed the sentence, finding that the departure sentence was not supported by the evidence and remanded for resentencing within the guidelines. State v. Knox, 753 So.2d 681 (Fla. 2d DCA 2000).
On resentencing, citing the Fifth District's decision in State v. Rife, 733 So.2d 541 (Fla. 5th DCA 1999), defense counsel again asked the trial court to depart downward from the guidelines based on the *1187 victim's consent. The trial court stated that it felt constrained by this court's mandate to sentence Knox within the guidelines. The court also believed that based on existing precedent in the Second District, State v. Hoffman, 745 So.2d 985 (Fla. 2d DCA 1999); State v. Whiting, 711 So.2d 1212 (Fla. 2d DCA 1998); State v. Harrell, 691 So.2d 46 (Fla. 2d DCA 1997), victim consent was not a valid reason for departure. The trial court, however, made it clear, and expressly stated that it wanted the record to reflect, that if victim consent were ruled to be a valid reason for departure, it would again mitigate Knox's sentence based on that reason. Despite its expressed desire to impose a downward departure, the trial court sentenced Knox within the guidelines.
Knox appealed. During the pendency of the appeal, the supreme court held in State v. Rife, 789 So.2d 288, 295 (Fla.2001), that "trial judges are not prohibited as a matter of law from imposing a downward departure based on a finding that `[t]he victim was an initiator, willing participant, aggressor, or provoker of the incident.'" In its opinion, the supreme court disapproved of this court's decisions in Hoffman, Whiting, and Harrell, to the extent those cases held that as a matter of law a trial court is precluded from considering the applicability of section 921.0016(4)(f), Florida Statutes (Supp.1998), to crimes involving sexual conduct with minors.
A trial court has the discretion to depart from the guidelines based on a reason it previously articulated and which the supreme court has held to be a valid reason to depart. See Cochran v. State, 534 So.2d 1165 (Fla. 2d DCA 1988); Slay v. State, 534 So.2d 1222 (Fla. 1st DCA 1988). Here, the trial court articulated victim consent as a basis for departure both at the original sentencing and at resentencing. Accordingly, we reverse Knox's sentence and remand for resentencing. On remand the trial court may consider the victim's consent as a basis to impose a downward departure sentence.
Reversed and remanded.
DAVIS and KELLY, JJ., concur.