PALMER, J.
Deshunda Shuler (defendant) appeals her sentence which was entered by the trial court after she entered a plea of nolo contendere to committing the crime of engaging in unlawful sexual activity with a minor, in violation of section 794.05(1) of the Florida Statutes (2005). Because the trial court may have misunderstood the parameters of its discretion regarding the entry of a downward departure sentence, we vacate the defendant’s sentence and remand this matter to the trial court for reconsideration.
The order setting forth the defendant’s plea notes that it was an “open plea to the court”. The trial court entered judgment in accordance with the defendant’s plea and then sentenced her to a term of 66 months of incarceration. This appeal timely followed.
The defendant maintains that her sentence should be vacated and this case remanded for reconsideration because the trial court legally erred in failing to recognize that it possessed the legal authority to enter a downward departure sentence based upon the fact that the victim in this case had consented to engaging in sexual activity with her. We agree.
The State argued below that the statutory authority which permits the imposition of a departure sentence in instances where the victim is an “initiator, willing participant, aggressor or provoker of the incident” did not apply in this case since the victim was only 16 years old when the sexual activity started. See § 921.0026(2)(f), Fla. Stat. (2005). Defense counsel responded by arguing that entry of a downward departure sentence would be justified in this case based on the fact that victim was a “willing participant” in the defendant’s crime. The court responded: “Consent is not a defense.”
In State v. Rife, 789 So.2d 288 (Fla.2001), the Florida Supreme Court ruled that trial judges are authorized to impose a downward departure sentence based on a finding that the victim consented to engaging in sexual activity with the defendant. The record indicates that, in imposing sentence on the defendant, the trial court may not have been aware of the law expressed in Rife.
Accordingly, the defendant’s sentence is vacated and this matter is remanded for reconsideration and application of the law as expressed in Rife. See Knox v. State, 814 So.2d 1185 (Fla. 2d DCA 2002)(holding that, on remand for resentencing for engaging in sexual activity with a minor, the trial court was not precluded from considering the victim’s consent as a basis for imposing a downward departure from the sentencing guidelines). Our opinion should not be construed as requiring the imposition of any particular sentence.
Sentence VACATED and case REMANDED.
MONACO, J., concurs.
THOMPSON, J., concurs specially, with opinion.