520 So.2d 43 (1987)
Michiah BANKS, Appellant,
v.
STATE of Florida, Appellee.
No. BP-378.
District Court of Appeal of Florida, First District.
December 22, 1987.
Rehearing Denied March 9, 1988.
*44 Michael E. Allen, Public Defender, Phil Patterson, Asst. Public Defender, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen., Gregory Costas, Asst. Atty. Gen., Tallahassee, for appellee.
SHIVERS, Judge.
The appellant, Michiah Banks, appeals the trial court's determination, after remand, to impose adult sanctions pursuant to section 39.111(6)(c), Florida Statutes, and its decision to depart from the recommended guideline sentence. We reverse on both issues.
The record in this case indicates that on June 8, 1984, the state "direct filed" a four-count information against the appellant, pursuant to section 39.04(2)(e)4, Florida Statutes, charging him with armed kidnapping, two counts of sexual battery with a deadly weapon, and attempted first-degree murder. Appellant was 17 years old at the time of the charged offenses, and had no prior adjudications of delinquency. On November 19, 1984, appellant entered pleas of guilty to all counts, with the exception of one count of armed sexual battery, and was sentenced to concurrent terms of 40, 40, and 30 years. The recommended guideline sentence was 17-22 years incarceration. The trial court (Judge Moran) entered a written order giving the following six reasons for departure:
1) The victim's testimony at the time of the defendant's sentencing, a copy of which is attached and made a part of these reasons.
2) The defendants had carefully planned this crime and had handcuffed this victim and forced her to participate in sexual activities.
3) The record reflects that after the sexual battery took place these defendants made a conscious decision to kill this victim. They attempted to strangle her and were unsuccessful. They attempted to stab her with a knife only to have the blade break off. They then beat the victim with a tire iron fifteen to twenty times in an effort to kill her. They also discussed, in her presence, tying her to two trees and running over her with an automobile. They further discussed putting *45 her in the trunk of an automobile and throwing her in the river.
4) From her testimony it is evident that the victim is still suffering psychological trauma from this episode.
5) The defendant's record reflects that society has worked with him previously in the Youth Mediation Program and has worked with him in a Community Control Program. Society has further worked with the defendant at University Hospital where he was to receive treatment in the Community Mental Health Center. None of these previous attempts have been successful at changing this defendant's violent behavior and antisocial demeanor.
6) The Presentence Investigation, under educational history, reflects that there were numerous altercations and disruptions of classes by this subject, and that many of these instances involved violence where the subject either struck another individual, or was involved in throwing chairs or other items around the room. The educational history further reflects that while enrolled at Florida Junior College, the defendant once again was involved in violent activity involving a fight in a stairwell and that, after being restrained by a recreational specialist at F.J.C., this defendant broke away and again attacked the other student.
In his first appeal to this court in 1985, appellant argued that the trial court had failed to comply with the requirements of section 39.111(6)(c), (d), Florida Statutes, in determining to impose adult sanctions. The state conceded that the requirements of the statute had not been followed, and this court vacated the trial court's judgment and remanded for resentencing as required by State v. Rhoden, 448 So.2d 1013 (Fla. 1984). The trial court was specifically directed to "consider each of the criteria enumerated in Section 39.111(6)(c), conduct a disposition hearing consonant with the direction of Section 39.111(6)(a), and reduce to writing the findings of fact and the reasons for imposing adult sanctions." Banks v. State, 488 So.2d 161 (Fla. 1st DCA 1986).
On September 19, 1986, the hearing on remand was conducted before Judge Parsons. After hearing argument from both counsel, the trial court entered a written sentence, finding adult sanctions to be suitable, and reimposing the original departure sentence imposed by Judge Moran. Judge Parsons adopted Judge Moran's statement of reasons for departure, and added the following statement: "If any one of the reasons for exceeding the guidelines are invalid, this court would have imposed the same sentence had the invalid reason(s) not been stated." We reverse both the trial court's finding of suitability of adult sanctions, and the sentence departing from the sentencing guidelines.
First, the finding of suitability of adult sanctions still fails to meet the requirements of section 39.111(6)(c), (d), Florida Statutes and, therefore, must be reversed and remanded again. Specifically, the trial court failed to address all six of the criteria listed in subsection (6)(c), as required by this court's earlier opinion, Banks v. State, supra, by the language of section 39.111(6)(d), and by case law requiring consideration of all six criteria. See Christy v. State, 489 So.2d 858 (Fla. 1st DCA 1986); Posey v. State, 501 So.2d 192 (Fla. 5th DCA 1987); Upshaw v. State, 464 So.2d 1355 (Fla. 4th DCA 1985). Further, the trial court's order failed to cite specific reasons for its decision to impose adult sanctions, as required by section 39.111(6)(d), but instead merely restated four of the factors listed in subsection (6)(c). On remand, the trial court is instructed to consider each of the six factors listed in subsection (6)(c), and to "render a specific finding of fact and the reasons for the decision to impose adult sanctions," as required by subsection (6)(d).
Appellant's argument that the state lacked the authority to direct file an information in the instant case and, therefore, that the trial court lacked both personal and subject matter jurisdiction, is without merit. Appellant argued in his initial brief that the state had discretion to file an information in the adult division of the *46 circuit court against a child who was 16 or 17 years old at the time of the offense, only if the child had also been previously found to have committed two delinquent acts, one of which would constitute a felony if committed by an adult. In making this argument, appellant relied upon State v. Cain, 381 So.2d 1361, 1364-1365 (Fla. 1980), which construed section 39.04(2)(e)4, Florida Statutes. Although his argument would have been correct at the time the Cain decision was written, section 39.04(2)(e)4 was amended in 1981 to read as follows:
Upon motion of a child charged with a misdemeanor, the case shall be transferred for adjudicatory proceedings as a child pursuant to s. 39.09(1) if it is shown by the child that he had not previously been found to have committed two delinquent acts, one of which involved an offense classified under Florida law as a felony.
(e.s.) Since appellant was not charged with a misdemeanor, the information was properly filed.
Second, we reverse the trial court's departure from the recommended guideline sentence, on the basis that five of the court's six reasons for departure were invalid.[1] We find reason # 1 to be invalid as it is "ambiguous and lacking in clarity for failure to relate to any identified fact in the context of this case." Burch v. State, 462 So.2d 548 (Fla. 1st DCA), approved, 476 So.2d 663 (Fla. 1985); Vanover v. State, 498 So.2d 899 (Fla. 1986). Reason # 5 also suffers from ambiguity in that it fails to state a reason for departing from the recommended guideline sentence, but instead reflects the court's dissatisfaction with past attempts to rehabilitate the appellant. Reason # 6 is invalid as it relates to past behavior of the appellant which resulted in neither arrest nor conviction. Fla.R. Crim.P. 3.701(d)(11).
Reason # 2 refers to appellant's premeditation or calculation, which would constitute a valid reason for departure in a sexual battery case, since neither is an inherent component of the offense of sexual battery. Casteel v. State, 498 So.2d 1249 (Fla. 1986). However, premeditation or calculation is an inherent component of attempted first-degree murder, and is thus an invalid basis for departure with regard to that offense. Fryson v. State, 506 So.2d 1117 (Fla. 1st DCA 1987). Since the trial court's use of the words "this crime" make it impossible to determine whether the court was referring to sexual battery or attempted first-degree murder, and since the fact that the defendant "forced her [the victim] to participate in sexual acts" is an inherent component of the offense of sexual battery, reason # 2 is invalid. Although the first sentence of reason # 3 is also improper under Fryson, supra (as it relates to premeditation of attempted first-degree murder), the remaining sentences are proper as they relate to the manner in which the crime was carried out, Lewis v. State, 496 So.2d 211 (Fla. 1st DCA 1986), the circumstances surrounding the offense, Fla.R.Crim.P. 3.701 b.3., and excessive use and threat of force, Mathis v. State, 498 So.2d 647 (Fla. 1st DCA 1986). Last, reason # 4 is invalid on two bases. First, the evidence in the record fails to support a conclusion that the victim is "still" suffering psychological trauma, since the victim's testimony was taken 20 months prior to Judge Parsons' adoption of Judge Moran's reasons for departure. The record indicates that Judge Parsons did not hear testimony from the victim on rehearing. Second, psychological trauma is an inherent component of sexual battery and, therefore, may not be used as a basis for departure. Lerma v. State, 497 So.2d 736 (Fla. 1986).
Even assuming that only reason # 3 constitutes a valid basis for departure, the state argues that Judge Parsons' use of "boilerplate" language satisfies the standard set forth in Albritton v. State, 476 So.2d 158 (Fla. 1985), and mandates affirmance. We disagree, on the basis of the supreme court's recent decision in Griffis *47 v. State, 509 So.2d 1104 (Fla. 1987), in which the court stated:
We reiterate the principle of Albritton. Such a sentence can be affirmed only where the appellate court is satisfied by the entire record that the state has met its burden of proving beyond a reasonable doubt that the sentence would have been the same without the impermissible reasons. A statement by the trial court that it would depart for any of the reasons given, standing alone, is not enough to satisfy that burden.
509 So.2d at 1105. Since the record does not indicate the state has proved beyond a reasonable doubt that the trial court would have imposed the same sentence, based on one valid reason for departure, as it imposed based on six reasons for departure, we find that the standard set forth in Albritton v. State has not been satisfied.
Accordingly, we reverse the trial court's determination of suitability of adult sanctions and remand for further proceedings consistent with this opinion. In the event the trial court properly determines that adult sanctions are warranted, it is directed to reconsider the sentence imposed in light of our having found all except one reason for departure to be invalid. According to the supreme court's recent opinion in Shull v. Dugger, 515 So.2d 748 (Fla. 1987), the trial court may not enunciate new reasons to justify its departure sentence after the reasons given for the original departure sentence have been reversed on appeal.
REVERSED and REMANDED.
BARFIELD, J., concurs, with an opinion.
NIMMONS, J., dissents, with an opinion.
BARFIELD, Judge, concurring:
I concur in reversing and remanding this case to the trial court.
The issue is not how bad a person this defendant may be or the fact that he is now an adult.
The issue is whether the trial court is going to comply with the law set forth in section 39.111(6)(c), Florida Statutes (1983), and the decisions of the Florida Supreme Court cited by Judge Shivers with respect to addressing the criteria for imposing adult sanctions. Our appellate function is to address error and insure compliance with the law and mandates of this court.
If the only issue concerned the departure sentence, I would affirm under the authority of chapter 87-110, Laws of Florida. I further agree with Judge Nimmons that the nature and degree of trauma to the victim in this case warrants departure.
NIMMONS, Judge, dissenting.
I respectfully dissent. I would affirm both the determination to impose adult sanctions and the departure sentences.
In my judgment, to send this case back to the trial court to determine whether juvenile sanctions should be imposed against this defendant is uncalled for.
After driving the victim onto a dirt road and into a wooded area, the defendant and his partner forcibly placed the victim in handcuffs and, by choking the victim and threatening to kill her with a knife, forced her to engage in various sexual acts. She was then handcuffed to a tree where she was left for a half hour. When the defendant and his partner returned, the defendant unlocked the handcuffs, removed his belt and attempted to strangle her to death with his belt.
When she attempted to run from him, the defendant tried to stab the victim in her side but the knife blade broke. While cursing the victim, the defendant removed a crowbar from the car and commenced beating the victim over the head. Defendant and his partner apparently thought she was dead until she began crying.
As she lay on the ground, they discussed various other ways of killing her including running over her with their car, dumping her in the nearby river or hanging her from a tree. Instead, the defendant placed a rope around her neck, tied it to a tree and pulled it as tight as he could. Apparently assuming that she was dead or near dead, they decided to leave her overnight and return the following day to bury her.
*48 Miraculously, the victim managed to free herself from the tree to which she had been tied and escaped. She lived to testify to the above and to describe the substantial physical and emotional injuries which had been inflicted upon her by the defendant and his partner.
Under Section 39.111(6)(c), the suitability or unsuitability of adult sanctions is to be determined by the trial court by considering the following criteria:
1. The seriousness of the offense to the community and whether the protection of the community requires adult disposition.
2. Whether the offense was committed in an aggressive, violent, premeditated, or willful manner.
3. Whether the offense was against persons or against property, greater weight being given to offenses against persons, especially if personal injury resulted.
4. The sophistication and maturity of the child, as determined by consideration of his home, environmental situation, emotional attitude, and pattern of living.
5. The record and previous history of the child, including:
a. Previous contacts with the department, the Department of Corrections, other law enforcement agencies, and courts,
b. Prior periods of probation or community control,
c. Prior adjudications that the child committed a violation of law, and
d. Prior commitments to institutions.
6. The prospects for adequate protection of the public and the likelihood of reasonable rehabilitation of the child if he is assigned to juvenile services and facilities.
Among the specific written findings by the trial court under the heading "Suitability of Adult Sanctions" were:
The seriousness of the offense to the community and for the protection of said community, requires that the defendant, MICIAH BANKS, receive an adult disposition in this case.
The offense was committed in an aggressive, violent, premeditated and willful manner.
The offense against the victim, Tammy Marie Mungin, involved very serious, long-lasting injuries as a result of the vicious beating she received at the hands of the defendant.
There are no adequate Juvenile Facilities to contain a defendant with these violent, aggressive and dangerous characteristics.
The following additional findings were made under the heading entitled "Statement of Reasons For Departure From Sentencing Guidelines":
5) The defendant's record reflects that society has worked with him previously in the Youth Mediation Program and has worked with him in a Community Control Program. Society has further worked with the defendant at University Hospital where he was to receive treatment in the Community Mental Health Center. None of these previous attempts have [sic] been successful at changing this defendant's violent behavior and antisocial demeanor.
6) The Presentence Investigation, under educational history, reflects that there were numerous altercations and disruptions of classes by this subject, and that many of these instances involved violence where the subject either struck another individual, or was involved in throwing chairs or other items around the room. The educational history further reflects that while enrolled at Florida Junior College, the defendant once again was involved in violent activity involving a fight in a stairwell and that, after being restrained by a recreational specialist at F.J.C., this defendant broke away and again attacked the other student.
The Court finds, based on the attached transcript and the Presentence Investigation, a copy of which is also attached and incorporated herein, that the protection of the community requires that this individual be incarcerated for a term of forty (40) years in the Florida State Prison.
*49 In my judgment, the above findings, considered together, substantially satisfy the requirements of Section 39.111(6)(c).
It should also be pointed out that the defendant was one month shy of his 18th birthday when he committed these crimes. A juvenile commitment may be effective only until the subject's 19th birthday unless he is sooner released by the court. Section 39.11, Florida Statutes (1985). This defendant is now 21 years old (D.O.B. 6/15/66). I have difficulty understanding what the majority expects the trial court to do at this point in terms of consideration of the possibility of imposing juvenile sanctions.
Certainly, given the defendant's age, the court cannot now commit him to the Department of Health and Rehabilitative Services. See Sections 39.11(1)(c) and 39.11(3), Florida Statutes (1985). The only other juvenile sanction which might arguably be imposed upon this 21-year-old offender would be community control under Section 39.11(1)(a). But, even if the purpose and rationale behind Chapter 39 were contorted in such a way as to justify as an appropriate disposition for this man the juvenile sanction of community control, there appears to me to be a serious jurisdictional question as to whether such a disposition is an available option for the defendant at this point. See Section 39.02(3)(b), Florida Statutes (1985); State v. A.N.F., 413 So.2d 146 (Fla. 5th DCA 1982).
I also disagree with the majority's conclusion that "five of the court's six reasons for guidelines departure were invalid." As reflected in the majority opinion, paragraph # 1 of the trial court's order simply attaches a transcript of the victim's testimony and makes the same "a part of these reasons." I do not believe it is appropriate for us to view this paragraph, in itself, as a reason for departure. Fairly read, I believe the intent of the trial court in attaching a copy of the victim's testimony to the order was as support for the reasons articulated in the succeeding paragraphs.
The reason stated in paragraph # 2 is, in my view, clear and convincing because premeditation to force the victim to participate in sexual activities is not an element of the crime of sexual battery. The fact that the defendant was also charged with and convicted of attempted first degree murder, which involves premeditation as an element, should not in my view vitiate premeditation to commit sexual battery as a valid reason for departure. And I do not understand why we must presume that the premeditation or plan referred to by the trial court was that which was limited solely to the attempted murder.
I agree with the majority that all but the first sentence of paragraph # 3 states a clear and convincing reason for departure. But, I disagree with the majority's rejection of psychological trauma under paragraph # 4 as a valid departure reason. There was ample evidence of severe emotional trauma presented to the trial court. Indeed, it would be almost beyond imagination that the victim of such unremitting violent and despicable acts as those committed by the defendant would be able to escape severe emotional trauma. This victim was indeed so traumatized and I believe that the emotional trauma visited upon her satisfies the criteria of State v. Rousseau, 509 So.2d 281 (Fla. 1987); see also Harris v. State, 509 So.2d 1299 (Fla. 1st DCA 1987); compare Austin v. State, 507 So.2d 132 (Fla. 1st DCA 1987).
I agree with the majority that the court's statements in paragraphs # 5 and # 6 cannot be regarded as valid reasons for departure. Nevertheless, I would affirm the departure because, under the holdings in Albritton v. State, 498 So.2d 158 (Fla. 1985) and Casteel v. State, 498 So.2d 1249 (Fla. 1986), the state in my view has shown beyond a reasonable doubt that the absence of these invalid reasons would not have affected the departure sentence.
In conclusion, I would affirm the decision to impose adult sanctions and I would affirm the departure sentences.
NOTES
[1] We note that the state conceded, in its answer brief, that reasons 1, 5, and 6 constituted invalid bases for departure.