543 So.2d 299 (1989)
Peter G. WAHL, Appellant,
v.
STATE of Florida, Appellee.
No. 89-00539.
District Court of Appeal of Florida, Second District.
April 28, 1989.
Rehearing Denied May 25, 1989.
*300 Peter G. Wahl, pro se.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Katherine V. Blanco, Asst. Atty. Gen., Tampa, for appellee.
PER CURIAM.
Peter G. Wahl appeals the summary denial of his motion to correct illegal sentence filed pursuant to Florida Rule of Criminal Procedure 3.800(a). In his motion, Wahl, relying on the recent supreme court decision in Smith v. State, 537 So.2d 982 (Fla. 1989), alleged that his guidelines sentence is illegal. We agree, and reverse and remand for further proceedings.
Wahl has alleged that he was convicted on August 16, 1984, for crimes which occurred on January 29, 1984. He was sentenced, pursuant to the guidelines, on September 29, 1984, to two consecutive nine-year terms, which terms were to run consecutively to sentences previously imposed in Manatee County. The sentences under review represented departures from the guidelines on the basis of Wahl's habitual offender status, and were previously affirmed by this court without opinion. See Wahl v. State, 478 So.2d 59 (Fla. 2d DCA 1985).
In January 1989, the supreme court held that the formulation of the grids and the recommended ranges for sentencing, i.e., the substantive law, of the sentencing guidelines, Fla.R.Crim.P. 3.700 and 3.988, were constitutionally invalid until adopted by the legislature on July 1, 1984. Wahl contends that because the sentencing guidelines were not in effect at the time his crimes were committed, his sentence is illegal and that he should have been given the opportunity to affirmatively elect guidelines sentencing or not. He argues that if he did not elect guidelines sentencing, he then would be eligible for parole, although he could receive the maximum statutory term of imprisonment under the pre-guidelines sentencing scheme. See Smith, 537 So.2d at 987.
In the state's response to this court's order, it alleges that Wahl is really seeking to attack the trial court's departure from the recommended sentencing range on the basis of Wahl's habitual offender status. After this court affirmed Wahl's sentence, the supreme court invalidated the use of a defendant's status as a habitual offender, alone, as a reason for departure. See Whitehead v. State, 498 So.2d 863 (Fla. 1986). The supreme court has also held that its decision in Whitehead is not retroactive. See McCuiston v. State, 534 So.2d 1144 (Fla. 1988).
Regardless of Wahl's motive for his arguments or the effect of a decision in his favor, we must conclude that pursuant to Smith, his sentence under the guidelines, imposed for crimes committed prior to the now effective date thereof, is illegal, unless Wahl affirmatively elected to be so sentenced. Because Wahl's crimes were committed after October 1, 1983, the prior presumed effective date of the guidelines, there was no discussion of an affirmative election at his sentencing on September 29, 1984. Accordingly, we reverse the trial court's denial of Wahl's 3.800 motion to correct an illegal sentence and remand for resentencing. Upon remand, if Wahl *301 should elect guidelines sentencing, the trial court shall utilize the guidelines in effect at that time. See Smith, 537 So.2d at 987.
Reversed and remanded with directions.
DANAHY, A.C.J., and PARKER and PATTERSON, JJ., concur.