548 So.2d 723 (1989)
Miciah BANKS, Appellant,
v.
STATE of Florida, Appellee.
No. 88-2018.
District Court of Appeal of Florida, First District.
August 4, 1989.
Rehearing Denied September 28, 1989.
*724 Michael E. Allen, Public Defender, Phil Patterson, Asst. Public Defender, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen., Virlindia A. Sample, Asst. Atty. Gen., Tallahassee, for appellee.
SHIVERS, Chief Judge.
Appellant, Miciah Banks, appeals the sentence imposed upon him by the trial court, arguing that he was not given an opportunity to elect either a guideline or a non-guideline sentence, and that the trial court's reasons for departure from the sentencing guidelines are invalid. We agree with appellant's first point and, accordingly, reverse and remand for resentencing.
The record indicates that Banks was originally convicted in January 1985 for crimes which occurred on May 15, 1984, while he was still a juvenile. The trial court at that time found adult sanctions to be appropriate, departed from the presumptive guideline sentence of 12-22 years, and sentenced Banks to 40 years, giving six reasons for departure. This court reversed and remanded for resentencing, finding that the trial court had failed to comply with the provisions set out in section 39.111(6)(c), Florida Statutes, for determining the suitability of imposing adult sanctions on juvenile offenders. Banks v. State, 488 So.2d 161 (Fla. 1st DCA 1986) (Banks I.)
On remand, the case was assigned to a different trial judge, who imposed the same sentence and adopted the original six reasons for departure. That sentence was also appealed, and this court again found that the trial court had failed to fully comply with section 39.111(6)(c). In addition, we found reasons 1, 2, 4, 5, and 6 to be invalid in their entirety (reason # 2 being based on an ambiguity in its wording), and reason # 3 to be partially invalid. The sentence was therefore reversed and remanded for a second resentencing, with instructions that the trial court not enunciate new reasons for departure, as mandated by Shull v. Dugger, 515 So.2d 748 (Fla. 1987). Banks v. State, 520 So.2d 43 (Fla. 1st DCA 1987) (Banks II.) The case was reassigned to the original sentencing judge on remand, who again found adult sanctions to be appropriate and sentenced appellant to 40 years. As reasons for departure, the court clarified reason # 2 so as to remove its ambiguity, deleted the invalid portions of reason # 3, and restated reason # 4 in its entirety. The court also stated that reason # 3, standing alone, would have warranted his departure sentence.
Banks now appeals his sentence to this court for the third time, arguing that the Florida Supreme Court's recent holding in Smith v. State, 537 So.2d 982 (Fla. 1989) mandates reversal. We agree.
In Smith, supra, which was decided subsequent to Banks' second resentencing, the supreme court determined that the original sentencing guidelines promulgated in 1983 were ineffective until adopted by the Legislature on July 1, 1984. The effect of that holding on Banks is that his May 15, 1984 offenses now predate the effective date of the sentencing guidelines, while his initial sentencing postdates the guidelines' effective date. That being the case, appellant must be afforded the opportunity set out in section 921.001(4)(a), Florida Statutes, of affirmatively selecting either a guideline or non-guideline sentence. Wahl v. State, 543 So.2d 299 (Fla. 2d DCA 1989). Banks' requests to be sentenced within the guidelines at his original sentencing and two resentencings may not be construed as clear and affirmative elections to be sentenced under the guidelines, since neither Banks nor his counsel had any reason at those times to suspect that such an election was necessary.
Although we reverse Banks' departure sentence, we find it necessary to address the propriety of the trial court's reasons for departure in the event that Banks elects a guideline sentence on remand. We thus find that reasons # 1 and 3 are valid, and do not contravene this court's instruction in Banks II, supra, that the trial court not enunciate new reasons for departure. Rather than stating new reasons, the trial court merely clarified the ambiguity in original reason # 2 and deleted the invalid portion of original reason # 3. We find the *725 trial court's use of original reason # 4, however, to be improper, since the majority opinion in Banks II clearly determined that reason to be invalid.
Accordingly, we vacate appellant's sentence and remand for resentencing. Should appellant affirmatively elect a guideline sentence on remand, the trial court shall utilize the guidelines in effect at the time of resentencing. Wahl, supra; Smith, supra.
SMITH and BARFIELD, JJ., concur.