PER CURIAM.
Edward Hoffman appeals the denial by the trial court of his motion and amended motion to correct an illegal sentence. We affirm.
Hoffman alleges that the sentencing guidelines were improperly applied to his offenses, and that the trial court erred in retaining jurisdiction over one-third of his sentence. Both arguments are without merit. A review of the record clearly reflects that the crimes for which Hoffman was sentenced were committed before July 1, 1984, the effective date of the sentencing guidelines, as recently determined by the supreme court in Smith v. State, 537 So.2d 982 (Fla.1989).* Therefore, even though Hoffman was sentenced after July 1, 1984, he must affirmatively elect to be sentenced under the sentencing guidelines in order that the guidelines apply to his sentence. See § 921.001(4)(a), Fla.Stat. (1983); Smith, 537 So.2d at 987; In re Rules of Criminal Procedure (Sentencing Guidelines), 439 So.2d 848 (Fla.1983).
Hoffman did not elect to be sentenced under the sentencing guidelines. The record reflects that this sentence was imposed based upon a plea bargain in which Hoffman participated. Therefore, the judge imposing the sentence was not required to adhere to the sentencing guidelines. The trial court so found in denying the motion and amended motion to correct an illegal sentence.
Affirmed.
CAMPBELL, C.J., and SCHEB and PARKER, JJ., concur.

 The original effective date of the sentencing guidelines was October 1, 1983. In Smith, the supreme court determined that the substantive portions of the sentencing guidelines were constitutionally invalid until adopted by the legislature on July 1, 1984. The decision in Smith does not impact on the present case because appellant's crimes predated October 1, 1983, the original effective date of the sentencing guidelines. Compare Wahl v. State, 543 So.2d 299 (Fla.2d DCA 1989), in which this court held pursuant to Smith, that a defendant whose crimes were committed after October 1, 1983, but before July 1, 1984, and who was sentenced thereafter, could not be sentenced under the guidelines without an affirmative election.