PARKER, Judge.
Raymond Dupont appeals a trial court order refusing to follow this court’s previous mandate in the case requiring that Dupont be sentenced to concurrent terms of twelve years for four counts of sexual battery under the guidelines effective October 1, 1983. Because of changes in the decisional law with respect to the sentencing guidelines since our earlier mandate, we vacate Dupont’s sentences and remand to the trial court for a new sentencing in accordance with this opinion.
This is the second time this case has been before this court. In the previous case,* Dupont was appealing from the summary denial of his motion to correct a sentence of seventeen years. This court reversed, finding that all four offenses occurred between May 1, 1984 through May 14, 1984, and that the existing sentencing guidelines for the dates of those crimes permitted a maximum recommended penalty of only twelve years. This court’s analysis was based upon the fact that Dupont was required to be sentenced under the guidelines in existence before the amendment became effective July 1, 1984, because the amendment disadvantaged Dupont in increasing his potential maximum sentence from twelve to seventeen years. See Miller v. Florida, 482 U.S. 423, 107 S.Ct. 2446, 96 L.Ed.2d 351 (1987) (must impose lesser sentence applicable at time of offense not greater term at time of sentencing).
This holding, however, was predicated on the incorrect factual assumption that Du-pont’s offenses were committed preamendment, between May 1, 1984 through May 14, 1984. See Dupont, 514 So.2d at 1160. Although these were the dates Dupont alleged in his motion to correct illegal sentences, which was the subject of the earlier appeal, we have now reviewed the information containing the charges against Dupont and find that it plainly states that the offenses occurred during the period of May 1, 1984 through May 14, 1985. The parties did not file a motion for rehearing of this court’s earlier decision to correct this mistake.
Upon remand, the trial court refused to adhere to this court's mandate because this court’s opinion was based upon a mistake *461 of fact, and the trial court once again entered an order reaffirming the previously imposed sentences of seventeen years which were within the guidelines recommendation in effect July 1984, reasoning that the offenses extended through that date and beyond.
Dupont now appeals from that order arguing that in accordance with this court’s previous decision he should be sentenced to the guidelines effective October 1, 1983 to twelve years on each count. Although the principle of the “law of the case” may be advanced to require the trial court to sentence Dupont to twelve years, within the pre-1984 guidelines recommended range, see Love v. State, 559 So.2d 198 (Fla.1990), an exception to that principle exists to allow reconsideration of a prior erroneous ruling of the appellate court. In this instance, the prior decision is not only factually erroneous, but because of recent changes in the law with respect to the sentencing guidelines as explained below, it would result in an illegal sentence.
This case is controlled by our supreme court’s decision in Smith v. State, 537 So.2d 982 (Fla.1989) which struck down the pre-July 1984 sentencing guidelines as unconstitutional, thereby making the new effective date of the guidelines July 1, 1984. As a result of that decision and because some of Dupont’s offenses predate the guidelines, which was not the case before Smith was decided, Dupont is now required to elect affirmatively to be sentenced under the guidelines effective July 1, 1984, or select a nonguidelines scheme with the right to parole. See Banks v. State, 548 So.2d 723 (Fla. 2d DCA 1989) (citing Wahl v. State, 543 So.2d 299 (Fla. 2d DCA 1989)). Under no circumstances can Dupont be sentenced under pre-July 1984 guidelines as stated in our earlier opinion because Smith now holds the guidelines were not in effect prior to that time, making such sentences illegal. Therefore, the case is remanded for Dupont to make his election and to be resentenced accordingly. If Dupont selects guidelines, he should be sentenced to the guidelines in effect at the time of election. See Wahl.
Reversed and remanded with directions.
FRANK, A.C.J., and ALTENBERND, J., concur.

 Dupont v. State, 514 So.2d 1159 (Fla. 2d DCA 1987).