568 So.2d 1303 (1990)
Peter G. WAHL, Appellant,
v.
STATE of Florida, Appellee.
No. 90-00465.
District Court of Appeal of Florida, Second District.
October 17, 1990.
*1304 Peter G. Wahl, pro se.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Dell H. Edwards, Asst. Atty. Gen., Tampa, for appellee.
PER CURIAM.
Peter G. Wahl appeals from the sentences imposed by the trial court following remand. For the reasons stated below, we reverse Wahl's sentences and remand for resentencing within the guidelines.
In September 1984, Wahl was convicted of grand theft and burglary of a structure. He was sentenced to two consecutive nine-year terms of imprisonment, a departure from the sentencing guidelines. The trial court's only reason for enhancing Wahl's sentence was that he is a habitual offender. Wahl's sentences were affirmed without opinion. See Wahl v. State, 478 So.2d 59 (Fla. 2d DCA 1984).
In January 1989, Wahl filed a motion to correct an illegal sentence, pursuant to Florida Rule of Criminal Procedure 3.800, contending that his guidelines sentences were illegal. He relied on Smith v. State, 537 So.2d 982 (Fla. 1989), in which the supreme court held that the substantive law of the sentencing guidelines was constitutionally invalid until adopted by the legislature on July 1, 1984. Wahl contended that because the sentencing guidelines were not in effect at the time his crimes were committed on January 29, 1984, his sentences were illegal and that he should have been given the opportunity to affirmatively elect or reject guidelines sentencing. The trial court summarily denied Wahl's motion. We reversed, concluding that:
[P]ursuant to Smith, his sentence[s] under the guidelines, imposed for crimes committed prior to the now effective date thereof, [are] illegal, unless Wahl affirmatively elected to be so sentenced. Because Wahl's crimes were committed after October 1, 1983, the prior presumed effective date of the guidelines, there was no discussion of an affirmative election at his sentencing on September 29, 1984.
Wahl v. State, 543 So.2d 299, 300 (Fla. 2d DCA 1989). Thus, we remanded for resentencing, on which occasion Wahl was to have been given the opportunity to elect sentencing under the guidelines in effect at the time of such election. Id. at 301.
On November 29, 1989, Wahl elected to be sentenced under the guidelines. The state urged that Wahl should be sentenced pursuant to the guidelines in effect at the time of the original sentencing in September 1984, and that Wahl once again should be sentenced as a habitual offender. The *1305 trial court agreed with the state's positions and again sentenced Wahl to two consecutive nine-year terms of imprisonment. Wahl has timely appealed these sentences.
First, Wahl claims that he should have been sentenced pursuant to the guidelines in effect at the time of his November 29 election. The state has responded that the guidelines in effect at the time of Wahl's initial sentencing in September 1984 should apply, and even if the later guidelines were to apply, Wahl's presumptive sentencing range is the same in either case. A defendant has the right to elect guidelines sentencing if the felony offenses for which the defendant is being sentenced occurred before the effective date of the guidelines. See § 921.001(4)(a), Fla. Stat. (1989); Smith, 537 So.2d at 982; Wahl, 543 So.2d at 301. At the time of Wahl's original sentencing in September 1984, there was no affirmative election because it was presumed that the guidelines applied to his offenses. Wahl, however, did not elect to be sentenced under the guidelines until November 1989, following remand, when he appeared for resentencing. Accordingly, the guidelines in effect at the time he made his election in November 1989 apply. We cannot discern from the record before us whether the guidelines in effect in September 1984 and November 1989 result in the same presumptive sentence. Therefore, upon remand a new scoresheet is to be prepared in accordance with the guidelines in effect on November 29, 1989.
Next, Wahl asserts that the trial court erred in sentencing him as a habitual offender. When Wahl was originally sentenced in September 1984, the trial court departed from the guidelines on the ground that Wahl was a habitual offender. At that time, this reason was a valid basis for departure. See e.g., Brady v. State, 457 So.2d 544 (Fla. 2d DCA 1984). Subsequently, in Whitehead v. State, 498 So.2d 863 (Fla. 1986), the supreme court held that habitual offender status was not a valid reason for departure from the sentencing guidelines. The supreme court has also held that its decision in Whitehead is not retroactive. McCuiston v. State, 534 So.2d 1144 (Fla. 1988). As is noted above, upon remand from this court, the trial court was required to utilize the guidelines in effect at the time of Wahl's election. When Wahl elected guidelines sentencing, a habitual offender finding, standing alone, was not a valid basis for departure from the sentencing guidelines. Whitehead. This is not a retroactive application of Whitehead to invalidate a departure ground that was otherwise valid when Wahl was originally sentenced; Wahl's original sentence was illegal because the guidelines had not been adopted by the legislature. Smith; Wahl. Accordingly, the trial court erred in departing from the sentencing guidelines solely on the basis of Wahl's habitual offender status when he elected, in November 1989, to be sentenced under the guidelines. We also reject the state's argument that the trial court could alternatively sentence Wahl under the amended version of the habitual offender statute, section 775.084, Florida Statutes (1989), because the amendment occurred after the date on which Wahl committed his offenses. See Smith v. State, 561 So.2d 1281 (Fla. 2d DCA 1990).
Because the only reason given for departure is invalid, we reverse Wahl's sentences and remand for resentencing within the recommended guidelines range. Shull v. Dugger, 515 So.2d 748 (Fla. 1987).
We find no merit in Wahl's final point which urges error in the trial court's denial of his motion to disqualify the trial judge.
Reversed and remanded for resentencing within the guidelines in effect on November 29, 1989.
RYDER, A.C.J., and FRANK and PATTERSON, JJ., concur.