570 So.2d 1027 (1990)
Darrell E. BLACKWELDER, Appellant,
v.
STATE of Florida, Appellee.
No. 90-02183.
District Court of Appeal of Florida, Second District.
November 14, 1990.
Rehearing Denied December 11, 1990.
*1028 Richard D. Sparkman of Sparkman, Erickson, Quinn, P.A. Naples, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Peggy A. Quince, Asst. Atty. Gen., Tampa, for appellee.
PER CURIAM.
Darrell Blackwelder appeals the summary denial of his motion for postconviction relief. We affirm in part and reverse in part.
The motion is addressed to nine separate felony offenses, some dating back to 1980, all of which were disposed of at a single sentencing hearing September, 1984. Blackwelder received a total sentence of 327 years, representing a considerable departure from the guideline recommendation. On appeal this court held that since six of the nine offenses had occurred prior to October 1, 1983, it was error to impose a guideline sentence without an affirmative request from Blackwelder. Blackwelder v. State, 476 So.2d 280 (Fla. 2d DCA 1985). After remand the trial court deleted any reference to sentencing guidelines but did not alter the length of the six sentences themselves.[1]
Since our previous decision the supreme court has held that the original sentencing guidelines, effective October 1, 1983, were unconstitutionally enacted. Smith v. State, 537 So.2d 982 (Fla. 1989). This constitutional infirmity was not corrected until July 1, 1984, when the legislature approved Florida Rules of Criminal Procedure 3.701 and 3.988. Since the three most recent of Blackwelder's offenses occurred in February, 1984, a guideline sentence could be imposed for those crimes only upon his affirmative request. There appears to have been no such selection, since at the time of the original 1984 sentencing hearing all parties presumably believed a guideline sentence was mandatory for these three offenses. Blackwelder is therefore entitled to correction of these sentences. See Wahl v. State, 543 So.2d 299 (Fla. 2d DCA), rev. denied, 551 So.2d 463 (Fla. 1989).
The question thus arises exactly what the trial court must do after remand. In Dupont v. State, 561 So.2d 460, 461 (Fla. 2d DCA 1990), considering a similar request for relief, we stated that the defendant was entitled to make the election between a non-guidelines (i.e., parole-eligible) sentence or a sentence that reflected "the guidelines in effect at the time of election." In other words, the trial court may not simply delete any reference to guidelines, leaving the existing sentences unchanged except for eligibility for parole. While that may be one option open to Blackwelder, he may prefer instead to accept a guideline sentence.
The matter is further complicated by the fact the guideline recommendation was not followed in Blackwelder's case. Although the extent of the departure was contested on direct appeal, the reasons given in support of the departure were not at issue, nor is it apparent from our opinion what those reasons were. We must therefore determine whether the trial court may *1029 reimpose a departure sentence, and if so under what conditions.
Blackwelder urges us to find that since the original reasons for departure were not in writing, no departure is now permissible. See Pope v. State, 561 So.2d 554 (Fla. 1990). Blackwelder's direct appeal predated the supreme court's decision in State v. Jackson, 478 So.2d 1054 (Fla. 1985), which required that reasons for departure be reduced to writing. Prior to Jackson this court, in the absence of a written departure order, would have looked to the transcript of the trial court's oral pronouncement of sentence. See, e.g., Smith v. State, 454 So.2d 90 (Fla. 2d DCA 1984). In other words, the procedure for announcing departure reasons utilized in this case was understood to be legally sufficient at the time.
We find no indication that Jackson was intended to have retroactive application. But for the unrelated constitutional issue upon which Blackwelder's motion is premised, his departure sentence would be immune from challenge notwithstanding the Jackson decision. Obviously, the trial court believed that an enhanced sentence was warranted in this case, and the time for testing the correctness of that particular decision has long since passed. We recognize that our present opinion mandates a de novo sentencing hearing. Some change in decisional law regarding departure criteria is to be expected, and may accrue to Blackwelder's benefit. We simply see no public policy basis for totally foreclosing the option of departure in a case where the error now complained of does not relate to the decision to depart or the reasons supporting that decision. Of course, any new departure must be justified by written reasons filed contemporaneously with the resentencing. Ree v. State, 565 So.2d 1329 (Fla. 1990).
We do agree that the trial court's power to depart from the guidelines is not unlimited. In Wahl the trial court originally departed upward on the basis of Wahl's status as a habitual felony offender, and the departure was affirmed on direct appeal. Wahl v. State, 478 So.2d 59 (Fla. 2d DCA 1985). The supreme court subsequently disapproved the use of the habitual offender statute to support a guideline departure, but its decision, Whitehead v. State, 498 So.2d 863 (Fla. 1986), was not intended to apply retroactively. McCuiston v. State, 534 So.2d 1144 (Fla. 1988). Thus a defendant in Wahl's position ordinarily would have no recourse unless, like Wahl, he discovered some new and independent basis by which his sentence might be readdressed. For Wahl that avenue of attack was the Smith decision. In Parker v. State, 506 So.2d 86 (Fla. 2d DCA 1987), the defendant was eligible for resentencing by virtue of an incorrect scoresheet. In either case, Whitehead, decided in the interim between the direct appeal and the postconviction action, had invalidated the sole basis for the original departure sentence. Moreover, the trial court was not at liberty to fashion new reasons in support of the departure. Shull v. Dugger, 515 So.2d 748 (Fla. 1987); Banks v. State, 548 So.2d 723 (Fla. 1st DCA 1989).
Thus, should Blackwelder opt for a guideline sentence, and the trial court is considering another upward departure, the court should look only to the reasons originally provided and may not craft new reasons. If subsequent case law has invalidated any of those reasons, they may no longer be considered; however, if any one of the departure criteria remain valid the court may again impose a departure sentence, subject only to the constraints of North Carolina v. Pearce, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969).[2]
*1030 Blackwelder's motion also asks for a de novo sentencing hearing on the six non-guideline offenses for which he is now parole-eligible as a result of the corrective measures taken by the trial court following our 1985 decision. However, we decline to extend our present holding this far. Those sentences, as they presently exist, are not facially illegal. The validity of the trial court's 1985 resentencing, if disputed by Blackwelder, could  and should  have been contested on appeal directly from the resentencing.
Affirmed in part, reversed in part, and remanded for further proceedings consistent with this opinion.
SCHEB, A.C.J., and HALL and THREADGILL, JJ., concur.
NOTES
[1] Our 1985 opinion noted two additional errors involving the remaining (guideline) sentences. One sentence exceeded the statutory maximum for the offense involved, and the trial court mistakenly retained jurisdiction over one-third of the sentences. See Barr v. State, 473 So.2d 25 (Fla. 2d DCA 1985). These two errors were corrected after remand.
[2] The standard of review established by Albritton v. State, 476 So.2d 158 (Fla. 1985), applicable at the time of Blackwelder's original appeal, was abrogated by the legislature in 1987. Ch. 86-273, Laws of Fla. Application of the 1987 statutory revision is not an ex post facto violation because Blackwelder, should he elect guideline sentencing, is deemed to have elected that version of the guidelines in effect at the time of resentencing. Smith. This fact distinguishes the present case from State v. McGriff, 537 So.2d 107 (Fla. 1989), wherein a pre-1987 version of the guidelines, encompassing the more liberal standard of appellate review, was mandatory.