571 So.2d 518 (1990)
Dennis Robert BOLAND, Appellant,
v.
STATE of Florida, Appellee.
No. 90-01827.
District Court of Appeal of Florida, Second District.
November 28, 1990.
ALTENBERND, Judge.
Dennis Robert Boland appeals the summary denial of his motion for postconviction relief. Relying on Smith v. State, 537 So.2d 982 (Fla. 1989), Mr. Boland contends that his sentence is illegal because the sentencing guidelines had not been constitutionally created at either the time of his offenses or at the time of his sentencing. We agree.
Mr. Boland was charged with kidnapping and sexual battery in 1983. He was found guilty as charged on August 31, 1983, and sentenced on October 13, 1983. He affirmatively elected guidelines sentencing and was sentenced to two concurrent thirty-year terms. The sentences were departures from the guidelines. Apparently, the departures were based only on Mr. Boland's *519 habitual offender status. § 775.084, Fla. Stat. (1981).
Mr. Boland filed his postconviction motion "pursuant to Rule 3.850." The trial court determined that Mr. Boland's direct appeal had been affirmed, Boland v. State, 458 So.2d 278 (Fla. 2d DCA 1984), and prior motions pursuant to Florida Rule of Criminal Procedure 3.850 had been denied. Thus, the trial court concluded that this motion was an untimely, successive postconviction motion. Without passing upon the correctness of that analysis, we conclude that a sentence that is entered pursuant to guidelines which had not been constitutionally enacted is an illegal sentence and is subject to correction pursuant to Florida Rule of Criminal Procedure 3.800.
In Smith, the Florida Supreme Court held that the sentencing guidelines were constitutionally invalid until adopted by the legislature on July 1, 1984. Mr. Boland correctly contends that since the guidelines were not in effect at the time his crimes were committed, or when he was sentenced, his sentence is illegal. See Wahl v. State, 543 So.2d 299 (Fla. 2d DCA 1989). Although Mr. Boland affirmatively elected guidelines sentencing, he did not know, and was not advised, that he was being offered the option of a legal or illegal sentence. With some reluctance, we conclude that the state cannot rely upon Mr. Boland's choice to be sentenced under a system which had never been constitutionally created. Accordingly, we reverse the denial of Mr. Boland's motion and remand for resentencing. Upon remand, Mr. Boland should be given a preguidelines sentence unless he affirmatively elects a guidelines sentence. In the event that Mr. Boland elects a guidelines sentence, the trial court should sentence him under the guidelines in effect at the time of his election.
At the next sentencing hearing, if Mr. Boland elects sentencing under the guidelines, an interesting problem will exist concerning the trial court's authority to depart from the guidelines. Habitual offender status is no longer a valid ground for departure. Whitehead v. State, 498 So.2d 863 (Fla. 1986). Since the new habitual offender statute postdates Mr. Boland's offenses, that sentencing tool cannot be used in his case. Wahl v. State, 568 So.2d 1303 (Fla. 2d DCA Oct. 17, 1990) (Wahl II). In Wahl II, we held that Mr. Wahl was entitled to be sentenced within the guidelines on remand because he had not affirmatively elected a guidelines sentence at the time of his first sentencing and habitual offender status had not been a proper ground for a departure at his second sentencing. Since no other reasons for departure were stated at his second sentencing, which was his first lawful sentencing under the guidelines, the trial court was not authorized to consider new grounds for departure at the third sentencing hearing. Shull v. Dugger, 515 So.2d 748 (Fla. 1987). In Wahl II, we did not hold that a departure sentence would be prohibited at the first lawful guidelines sentencing if there were valid reasons for departure.
In Blackwelder v. State, 570 So.2d 1027 (Fla. 2d DCA 1990), we recently held that a defendant who received a departure sentence after July 1, 1984, for offenses committed prior to that date was entitled to be resentenced. Because the trial court had not expressed the reasons for departure in writing at the first sentencing, the defendant argued that the trial court could not rely on those reasons at resentencing. State v. Jackson, 478 So.2d 1054 (Fla. 1985).
We rejected this argument and stated:
But for the unrelated constitutional issue upon which Blackwelder's motion is premised, his departure sentence would be immune from challenge notwithstanding the Jackson decision.
Blackwelder, 570 So.2d at 1029. Likewise, but for the constitutional issue in this case, Mr. Boland's departure sentence would also be immune from challenge notwithstanding the Whitehead decision.
In Blackwelder, we limited the trial court's authority to depart to currently valid reasons which had been previously articulated at the first sentencing hearing. In that case, however, the first sentencing occurred after the guidelines had been constitutionally created. Resentencing was necessary merely because Mr. Blackwelder, *520 unlike Mr. Boland, had not affirmatively elected guidelines sentencing. Because the trial court chose to use the guidelines at the first hearing and because it could have lawfully used those guidelines with the consent of the defendant at that hearing, it was appropriate to limit the trial court to the grounds which it articulated at the first hearing.
In this case, Mr. Boland affirmatively elected guidelines sentencing, but is not bound by his own election due to the constitutional nonexistence of the guidelines at the time of his election. For purposes of the sentencing guidelines, that hearing was a virtual nullity because it occurred outside the lawful sentencing structure. We conclude that, if the sentencing was unconstitutional and Mr. Boland's first election is not binding upon him, it is only appropriate that the trial court be given a new opportunity to depart based upon the procedures and reasons for departure which are valid at the time of Mr. Boland's new election. Cf. Jones v. State, 559 So.2d 204 (Fla. 1990) (Whitehead not applicable where previous sentence was not deemed to be a guidelines sentence).
Reversed and remanded.
LEHAN, A.C.J., and PARKER, J., concur.