WIGGINTON, Judge.
Appellant appeals the trial court’s order denying his motion for post-conviction relief, or in the alternative, his motion to correct illegal sentence under Rule 3.800(a). On appeal, appellant argues that in denying the motion, the trial court overlooked his argument made pursuant to Smith v. State, 537 So.2d 982 (Fla.1989), that his guideline sentence is illegal. The state concedes the point, asserting, that the trial court should have addressed the sentencing issue where the motion showed that appellant’s crimes were committed prior to the July 1, 1984, effective date as set by the supreme court in Smith, but he was not sentenced until September 7, 1984, following the new effective date, without being given the option of electing or not electing guidelines sentencing.
We agree with the parties’ positions and therefore reverse the trial court’s denial of appellant’s 3.850 motion and remand for resentencing. See Wahl v. State, 543 So.2d 299 (Fla. 2d DCA 1989), review denied, 551 So.2d 463 (Fla.1989). Upon remand, appellant shall have the option of affirmatively electing to be sentenced under the guidelines in effect at the time of resentencing, or to elect a non-guidelines scheme with the right to parole. Wahl; Wahl v. State, 568 So.2d 1303 (Fla. 2d DCA 1990); Banks v. State, 548 So.2d 723 (Fla. 1st DCA 1989).
REVERSED and REMANDED for further proceedings.
ERVIN and MINER, JJ., concur.