577 So.2d 723 (1991)
Kay SHORT, Appellant,
v.
Christopher SHORT, Appellee.
No. 90-01421.
District Court of Appeal of Florida, Second District.
April 12, 1991.
Geraldyne H. Carlton of Carlton & Carlton, P.A., Lakeland, for appellant.
No appearance by appellee.
LEHAN, Acting Chief Judge.
We affirm the order increasing the amount of child support appellant ex-wife receives from appellee ex-husband.
We do not conclude under the circumstances of this case that the trial judge abused her discretion in awarding support in an amount less than that recommended in the child support guidelines. The trial judge explained that her order took into account appellee's obligation to support his additional children by his subsequent marriage. Section 61.30(1)(a), Florida Statutes (1989), specifically provides that "[t]he trier of fact may order payment of child support in an amount different from such guideline amount upon a written finding, or a specific finding on the record, explaining why ordering payment of such guideline amount would be unjust or inappropriate." Furthermore, section 61.30(10)(i) permits the court to adjust the award "to achieve an equitable result." See Waldon v. Johnson, 561 So.2d 1342 (Fla. 1st DCA 1990) (Zehmer, J., concurring).
FRANK and PATTERSON, JJ., concur.