577 So.2d 723 (1991)
James M. ETLINGER, Appellant,
v.
STATE of Florida, Appellee.
No. 91-00490.
District Court of Appeal of Florida, Second District.
April 12, 1991.
*724 PER CURIAM.
James Etlinger appeals an order of the circuit court which partially grants and partially denies his motion to correct sentence. We affirm.
Etlinger's total sentence, which stems from numerous felony charges, is thirty years in duration. It was imposed July 26, 1984, after Etlinger entered pleas of guilty. In so doing Etlinger specifically agreed to a sentence of "no more than thirty years in prison." It was also stipulated that several sentences requiring a three-year minimum mandatory term, pursuant to section 775.087(2), Florida Statutes (1983), would run concurrent so that Etlinger would face only three years of mandatory time. Sentencing guidelines, which all parties then assumed were mandatory, recommended a life sentence.
Etlinger's motion is based upon Smith v. State, 537 So.2d 982 (Fla. 1989), in which the supreme court held that the sentencing guideline rule applicable to offenses occurring between October 1, 1983, and July 1, 1984, was constitutionally invalid. A defendant receiving a guideline sentence during that hiatus period is entitled to have the sentence corrected. Wahl v. State, 543 So.2d 299 (Fla. 2d DCA), rev. denied, 551 So.2d 463 (Fla. 1989). Etlinger's motion requests "an opportunity to either select or reject guidelines sentencing."
The state conceded that Etlinger's sentence required correction. In response to the motion, the trial court merely amended the existing sentences to reflect that they are not guideline sentences, thereby making Etlinger eligible for parole. Under the circumstances of this case, we believe this correction is all the relief Etlinger is entitled to receive. We distinguish this case from Wahl and from Dupont v. State, 561 So.2d 460 (Fla. 2d DCA 1990), wherein we held that the trial court was required to conduct a de novo sentencing hearing. Here the length of sentence was accepted by the defendant in exchange for other, favorable consideration from the state. Etlinger provides no basis to conclude that the thirty-year figure is invalid per se. His only options lay between the present, parole-eligible sentence and a guideline sentence of the same duration but without the additional potential for parole. He has no right to demand a sentence any more generous than that which the trial court fashioned in response to the motion.
Affirmed.
RYDER, A.C.J., and DANAHY and CAMPBELL, JJ., concur.