PATTERSON, Judge.
The appellant challenges his thirty-year departure sentence and contends that upon resentencing the trial court should have sentenced him under the guidelines in effect at the time of resentencing. We reverse and remand for resentencing.
The appellant challenged his original thirty-year departure sentence. This court affirmed the appellant’s judgment and sentence with opinion in Benitez v. State, 470 So.2d 734 (Fla. 2d DCA), rev. denied, 479 So.2d 117 (Fla.1985), and held that the trial court articulated clear and convincing reasons for the departure.
On April 24, 1990, the appellant filed a motion in the trial court challenging his original departure sentence on the grounds that it was illegal because he was sentenced under the guidelines on May 23, 1984, before the legislature adopted the guidelines on July 1, 1984. See Smith v. State, 537 So.2d 982 (Fla.1989). On May 18, 1990, the trial court held a hearing on the appellant’s motion to correct an illegal sentence, and the appellant elected to be resentenced under the guidelines. The court resentenced the appellant under the guidelines to the same departure sentence that was originally imposed. The resen-tencing court expressly rejected the original sentencing court’s reasons for departure, because the court acknowledged that the reasons were no longer valid. The court cited as its basis for departure “the law of the case.”
The trial court should have resentenced the appellant pursuant to the guidelines in effect on May 18, 1990, the date the appellant elected to be sentenced under the guidelines. See Wahl v. State, 568 So.2d 1303 (Fla. 2d DCA 1990), rev. denied, 576 So.2d 291 (Fla.1991). In Wahl, the defendant was sentenced under the guidelines before the legislature adopted them on July 1, 1984. Like the appellant, Wahl received a departure sentence based on a reason that was valid at the time of the original sentencing. The supreme court subsequently decided that the reason was an invalid basis for departure. This court held that the trial court, on resentencing, could not use the now invalid reason for departure.
The “law of the case” doctrine that the state argues is inappropriate here. The only law of the case involved is that the appellant’s original sentence was illegal. We reverse the appellant’s sentence and remand the case for resentencing within the guidelines.
LEHAN, A.C.J., and FRANK, J„ concur.