PER CURIAM.
Craig Stephen Edwards has appealed from an order of the trial court denying his motion to correct illegal sentence, filed pursuant to Rule 3.800(a), Florida Rules of Criminal Procedure. We reverse, and remand for further proceedings on the motion.
In November 1984, Edwards was sentenced pursuant to the sentencing guidelines for crimes committed in March 1984. Smith v. State, 537 So.2d 982 (Fla. 1989), held that the effective date of the guidelines was not October 1, 1983, as previously assumed, but rather July 1, 1984. Smith at 987. Because Edwards committed his crimes prior to the true effective date, he could only be sentenced pursuant to the guidelines based on an affirmative election. Banks v. State, 548 So.2d 723 (Fla. 1st DCA 1989). In May 1990, Edwards filed the instant motion, alleging that he had not had the opportunity to make that election prior to receiving a guidelines sentence. The trial court denied the motion, finding only that it was untimely-
The trial court incorrectly held that Edwards’ motion was untimely, in that *658 “[a] court may at any time correct an illegal sentence imposed by it.” Rule 3.800(a), Fla.R.Crim.P. Under the circumstances of this case, if Edwards was not given the opportunity to elect sentencing pursuant to the guidelines, his sentence was illegal. Dewberry v. State, 570 So.2d 1079 (Fla. 1st DCA 1990). We therefore reverse the order of the trial court, and remand for further proceedings to determine if Edwards was given the opportunity, at his November 1984 sentencing, to elect guidelines sentencing. If the trial court determines on remand that Edwards was not given that opportunity, the motion shall be granted, and Edwards resentenced with an opportunity to make the required election.
Reversed and remanded with directions.
JOANOS, C.J., and SMITH and BARFIELD, JJ., concur.