PER CURIAM.
Orville Patrick Kerr appeals the denial of his motion for postconviction relief, filed pursuant to Florida Rule of Criminal Procedure 3.850. We affirm in part, reverse in part, and remand for further proceedings.
Kerr raised three grounds for relief in his motion. The first two grounds are not facially sufficient; therefore, the denial of those allegations is affirmed. The third allegation challenges the legality of Kerr’s guidelines sentence on the basis that his offenses predated the effective date of the sentencing guidelines and he did not affirmatively elect guidelines sentencing. If this allegation is true, then Kerr may be entitled to relief. See Smith v. State, 537 So.2d 982 (Fla.1989); Benitez v. State, 578 So.2d 43 (Fla.2d DCA 1991); Blackwelder v. State, 570 So.2d 1027 (Fla. 2d DCA 1990).
The trial court’s attachment to the denial does not conclusively refute Kerr’s allegation. Accordingly, we reverse this part of the order denying Kerr’s motion and remand the case to the trial court. On remand, unless the case files and records conclusively show that Kerr is not entitled to relief, the trial court shall order the state to file an answer. After receipt of the answer, the trial court shall determine whether an evidentiary hearing is required. If the trial court should summarily deny the motion again, it shall attach such portions of the record which conclusively refute Kerr’s allegation. Any party aggrieved by the subsequent action of the trial court must file a notice of appeal within thirty days to obtain appellate review.
HALL, A.C.J., and PATTERSON and ALTENBERND, JJ., concur.