PER CURIAM.
Carl Duane Bond appeals the denial of his motion to correct his sentence filed pursuant to Florida Rule of Criminal Procedure 3.800(a). He claims his sentence is illegal because he was not given the opportunity to affirmatively select sentencing under the guidelines. We affirm.
Bond was indicted for capital sexual battery and for handling and fondling a child under the age of fourteen, a second degree felony. The indictment alleged the crimes were committed between June 15 and July 12, 1983. On April 24, 1984, he pled no contest to the lesser charge of attempted sexual battery and to the second degree felony as charged. He pled pursuant to an agreement that he would receive concurrent thirty-year prison sentences. The court honored the agreement.
In his direct appeal, this court remanded for correction of the second degree felony sentence only. See Bond v. State, 462 So.2d 882 (Fla. 2d DCA 1985). After remand, the illegal thirty-year sentence on the second degree felony was amended to reflect a fifteen-year prison sentence with a reduction in the length of the retention of jurisdiction. The sentence was amended on March 25, 1985.
Bond has filed two prior motions for postconviction relief pursuant to rule 3.850. The second, successive motion alleged ineffective assistance of counsel for failure to advise of his right to select a guidelines sentence. He claimed in that motion that he would have scored seven to nine years in prison, rather than the thirty years he received. This court per curiam affirmed the denial.
In this third motion, Bond argues that his sentences are illegal because he did not receive a guidelines sentence when he was sentenced in 1984 or when the second degree felony sentence was amended in 1985. He asserts he would have affirmatively selected sentencing under the guidelines. The plea and sentencing transcript of 1984 does not reveal any discussion about the guidelines. The written sentences of 1984, and as amended in 1985, contain a statement that the sentences were not imposed under the guidelines.
The trial court denied the motion and attached various portions of the record. It held that Bond was not eligible to select the guidelines because he was sentenced prior to July 1, 1984, which was the effective date of the guidelines. It further held that this issue had been decided against him in the appeal from the denial of his second motion for postconviction relief. Neither ground is correct.
Bond argues that Smith v. State, 537 So.2d 982 (Fla.1989), applies to his sentences. Bond, like Smith, committed the offenses before October 1, 1983, and was sentenced for the offenses before the effective date of the guidelines, July 1, 1984. He seeks to have the “opportunity to elect to be sentenced under the guidelines.” He acknowledges that the state may seek to retry him on the original charge of capital sexual battery. See Gibbons v. State, 543 So.2d 860 (Fla. 2d DCA 1989).
Based on his allegations, Bond may not be aware that if we would reverse and the state would seek to retry him on the capital sexual battery, the guidelines would not be available to him on that charge. The sentencing guidelines do not apply to capital felonies committed either before or after October 1, 1983. Section 921.001(4)(a), Fla. Stat. (1989); see Rivas v. State, 554 So.2d 636 (Fla. 4th DCA 1989); Dailey v. State, 501 So.2d 15 (Fla. 2d DCA 1986). Thus, his belief that he would have scored seven to nine years is erroneous. He would face life in prison with a minimum mandatory of twenty-five years on the capital offense. Sections 775.082, 794.011(2), Fla.Stat. (1983).
In any event, this case appears akin to Etlinger v. State, 577 So.2d 723 (Fla. 2d DCA 1991). Bond, as did Etlinger, agreed to a specific sentence length. Bond accept *308 ed the sentence in exchange for a reduction in the charge of capital sexual battery.
Affirmed.
SCHOONOVER, C.J., and RYDER and LEHAN, JJ., concur.