PER CURIAM.
Ronald Emory appeals the summary denial of his motion to correct sentence.
On February 24, 1984, Emory entered a guilty plea to several felony charges. All the crimes predated October 1, 1983, which was then considered to be the effective date of Florida’s new system of sentencing guidelines. Emory was given the option of receiving, and did request, a guideline sentence. The recommended maximum sentence was 17 years, but the trial court departed from that recommendation and sentenced Emory to a total of life plus seventy years. The departure was upheld on appeal. Emory v. State, 463 So.2d 1242 (Fla. 2d DCA 1985).
The present motion is based on Smith v. State, 537 So.2d 982 (Fla.1989), which held that the original sentencing guidelines (from October 1, 1983 until legislative ratification July 1, 1984) were unconstitutional. Emory asserts that Smith entitles him to resentencing de novo. See also Wahl v. State, 543 So.2d 299 (Fla. 2d DCA), rev. denied, 551 So.2d 463 (Fla.1989). We disagree.
Wahl and related cases involve defendants who, in retrospect, should have been allowed the option of requesting or rejecting a guideline sentence. Since Wahl was not sentenced until after the legislature formally approved the new rule, he was eligible to receive a guideline sentence, but only upon an affirmative request. No such request was made because, based on the date of Wahl’s crimes (January, 1984), it was then assumed that guidelines were mandatory. There was no contemporaneous objection in Wahl because the constitutional issue addressed by Smith was yet to be litigated.
In contrast, Emory was sentenced before the legislature formally approved the 1983 guideline rule. In hindsight, the correct thing to have done was ignore the guidelines altogether. If all reference to guidelines is deleted, Emory’s sentence is not unlawful in that it does not exceed the statutory maximum. We see no reason to afford him any relief beyond clarification that his should be considered a non-guidelines, parole-eligible sentence. There is no indication the court would have imposed a more lenient sentence had it known about the Smith issue. Requiring imposition of a guideline sentence at this point would result in an undeserved windfall. Cf. Etlinger v. State, 577 So.2d 723 (Fla. 2d DCA 1991).
We remand this case to the circuit court for correction of the judgment and sentence to reflect that this is not a guideline sentence. The order of the circuit court is in all other respects affirmed.
RYDER, A.C.J., and FRANK and BLUE, JJ., concur.